OPINION
{¶ 1} Appellant, Vernal Mansell, and appellee, Mary Louise Mansell, were married on April 17, 1993. On August 1, 2000, appellee filed a complaint for divorce.
 {¶ 2} A hearing was held on February 1, 2002. By judgment entry decree of divorce filed May 30, 2002, the trial court granted the parties a divorce, accepted the parties' stipulations and divided the parties' property in dispute. Findings of fact and conclusions of law had been filed on March 13, 2002.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration.[1] Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT-APPELLANT BY ABUSING ITS DISCRETION AND ACTING CONTRARY TO LAW IN FAILING TO AWARD TO DEFENDANT-APPELLANT POST-MARITAL APPRECIATION IN THE VALUE OF THE REAL ESTATE OF THE PLAINTIFF-APPELLEE AND IN FAILING TO CONSIDER FOR DIVISION BETWEEN THE PARTIES THE PRESENT VALUE OF THE MARITAL PORTION OF THE PENSION BENEFITS OF THE PLAINTIFF-APPELLEE AS SHOWN AND SUPPORTED BY THE EVIDENCE IN THE TRIAL COURT."
 II {¶ 5} "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT IN ACTING CONTRARY TO LAW BY ORDERING $5,000.00 IN ATTORNEY FEES TO BE PAID TO PLAINTIFF-APPELLEE BY DEFENDANT-APPELLANT."
 I {¶ 6} Appellant claims the trial court erred in not awarding him an appreciated share of appellee's separate property and in not using the present value of the marital portion of appellee's pension benefits in dividing the marital assets. We disagree.
 {¶ 7} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion.Holcomb. v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 SEPARATE PROPERTY {¶ 8} It is undisputed the marital residence is the separate property of appellee as she acquired it prior to the marriage. It is also undisputed appellee placed a $10,000 mortgage on the property prior to the marriage. The monthly payment was $300.00.
 {¶ 9} Appellant argues by paying the monthly mortgage payment, utilities and home expenses, he is entitled to half of the appreciated value of the property.
 {¶ 10} As noted in Conclusion of Law No. 3, the trial court found appellant's testimony to be ambiguous, and it was clear the parties' intention was to keep the property separate. As a result, the trial court concluded the following:
 {¶ 11} "Accordingly, the court finds the appreciation in the realty and dwelling thereon***was passive in nature and defendant offered no testimony to suggest otherwise and therefore any increase in the value of the plaintiff's separate property from the time of the marriage to the termination of the marriage of the parties is the sole property of plaintiff, free and clear of any claim of defendant." Id.
 {¶ 12} We note the trial court questioned appellant's credibility and forthrightness as follows:
 {¶ 13} "The court further has taken into consideration the demeanor of both plaintiff and defendant, and the various witnesses, and finds that plaintiff is certainly more aware of financial matters and other matters and that the testimony of defendant was vague and elusive, although it is not believed that he was trying to deliberately conceal information, but the court does find the testimony of plaintiff to be more credible than that of defendant." Finding of Fact No. 6.
 {¶ 14} Two appraisers testified the property had in fact appreciated between $34,500 and $27,000 over the eight year marriage. T. at 7, 69. Both appraisers acknowledged the homes in the area had appreciated in value at a rate of three to four percent a year. T. at 8, 76. The property sub judice appreciated three and a quarter percent per year. T. at 10. Appellee's appraiser, Jeff Daugherty, testified improvements as set forth by appellant had a minimum affect on the value. T. at 10-16. Appellant's appraiser, David Dunnington, testified blacktopping the driveway would increase the value, but the other improvements would have no affect. T. at 78-81. Appellant's daughter, Connie Hall, a real estate agent but not an appraiser, testified the improvements increased the value. T. at 202-213.
 {¶ 15} Upon review, we find substantial, credible evidence that the improvements had a minimum affect on the value and the appreciation was due to the increased interest in Bloom Township as an alternative to city dwelling. We find the trial court did not err in finding the appreciation to be passive.
 PENSION FUNDS {¶ 16} Appellant argues the trial court used the wrong valuation for appellee's PERS pension, and erred in applying the present value of appellant's social security benefits.
 {¶ 17} In considering appellee's pension, the trial court used the account value of $35,261.62 earned during coverture instead of the present marital value of $91,680.82. The trial court acknowledged it was treating the parties' pensions differently given the disparity in the actual benefit each will receive from his/her respective pension. Appellant was receiving $20,605.64 annually via his pension and social security. Finding of Fact No. 34; Conclusion of Law No. 13. Upon retirement, appellee will receive $7631.64 per year. Id. The trial court explained as follows:
 {¶ 18} "The court further finds pursuant to law that it has the discretion to use the present value of the PERS pension which was earned during the marriage of the parties or the account value. The court further finds it cannot normally use the account value for one party and the present value for the other party; however, in equity and law, without doing harm to case law, can in this case because:
 {¶ 19} "(A) the court further finds that the Anchor Hocking pension is in pay status as are the social security benefits being received by defendant; and
 {¶ 20} "(B) the court further finds social security by law can and should be used as an offset in dividing pensions and that there is no account value for the Anchor Hocking pension, nor for the social security retirement benefits. Accordingly, the court finds it can use the account value for PERS without disturbing case law." Finding of Fact No. 35.
 {¶ 21} We note the trial court's decision is compatible with the Supreme Court of Ohio in Neville v. Neville, 99 Ohio St.3d 275,2003-Ohio-3624, ¶ 11,:
 {¶ 22} "We believe that allowing consideration of Social Security benefits in relation to all marital assets is the more reasoned approach. In order to equitably divide marital property, R.C. 3105.171(C)(1) directs the court to consider all relevant factors, including those factors listed in R.C. 3105.171(F). Among those factors listed in division (F) are the duration of the marriage (R.C. 3105.171[F][1]), the assets and liabilities of the parties (R.C. 3105.171[F][2]), and any other factor the court finds relevant and equitable (R.C. 3105.171[F][9]). Although a party's Social Security benefits cannot be divided as a marital asset, those benefits may be considered by the trial court under the catchall category as a relevant and equitable factor in making an equitable distribution. Accordingly, we hold that a trial court, in seeking to make an equitable distribution of marital property, may consider the parties' future Social Security benefits in relation to all marital assets."
 {¶ 23} We further find the trial court approached the division of assets as in equity which is consistent with R.C. 3105.171(C). Finding of Fact No. 36. Specifically, the trial court concluded appellant was an excessive drinker and gambler which is consistent with R.C. 3105.171(E)(3). Finding of Fact No. 37. The trial court acknowledged various factors played into this award. They included the questioned life expectancy of appellant, the status of appellant's pension as being in paying status and the minimum value of appellee's pension benefit when she retires. The trial court also considered that appellee could not afford to pay appellant half of her marital share of her PERS pension. See, Figures in Appellee's Brief at 14-15.
 {¶ 24} Upon review, we find the trial court did a thorough analysis of the equities presented by this eight year marriage and properly set forth its reasonings for the equitable distribution. We find these to be consistent with R.C. 3105.171 and Neville, supra.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court erred in ordering him to pay $5,000.00 for appellee's attorney fees. We disagree.
 {¶ 27} The trial court used the $5,000.00 as a balance against the amount of the marital share of appellee's pension that would be due appellant (Conclusion of Law No. 13):
 {¶ 28} "***Accordingly, in order to equalize the parties and put them on somewhat equal footing, this court does have the discretion to award attorney fees and does so ordering defendant to pay to plaintiff the sum of $5000, same to be reduced from the amount ordered to be paid by plaintiff to defendant, set forth above leaving a balance due by plaintiff to defendant of $906.29.
 {¶ 29} "PERS amount value (½) $17,630.81
 {¶ 30} "Less Anchor Hocking (½) 2,031.56
$15,599.25
 {¶ 31} "Less SS offset 6,376.71
$9,222.54
 {¶ 32} "Less joint account/PP offset 3,316.25
$ 5,906.29
 {¶ 33} "Less attorney fees 5,000.00
 {¶ 34} "Net to defendant $906.29"
 {¶ 35} R.C. 3105.18(H) permits trial courts to award attorney fees. The award in this case was done with the trial court's acknowledgment of the lack of funds available to appellee and as a way to equitably divide the assets.
 {¶ 36} Upon review, we find the trial court was clear and concise as to how it reached its decision and how it balanced the equities sub judice. We find no abuse of discretion by the trial court.
 {¶ 37} Assignment of Error II is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Wise, J. concur.
[1] Appellant passed away on January 13, 2002, after the filing of his appellate brief.