OPINION
{¶ 1} On December 20, 1991, appellant, Christine Splitt, and appellee, Joseph Splitt, were married. On June 6, 2002, appellant filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on June 23, 2003. By decision filed October 9, 2003, the magistrate recommended a division of property and denied spousal support. Appellant filed objections. By judgment entry filed May 11, 2004, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The denial of spousal support to appellant was reversible error."
 II {¶ 5} "The trial court committed reversible error in awarding $20,000.00 to the appellee."
 III {¶ 6} "The trial court failed to consider the social security benefits of the appellee in making an equitable division of the property."
 I {¶ 7} Appellant claims the trial court erred in denying her spousal support. We disagree.
 {¶ 8} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} R.C. 3105.18(C)(1) governs awards of spousal support and states the following:
 {¶ 10} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 11} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 12} "(b) The relative earning abilities of the parties;
 {¶ 13} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 14} "(d) The retirement benefits of the parties;
 {¶ 15} "(e) The duration of the marriage;
 {¶ 16} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 17} "(g) The standard of living of the parties established during the marriage;
 {¶ 18} "(h) The relative extent of education of the parties;
 {¶ 19} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 20} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 21} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 22} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 23} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 24} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 25} The trial court accepted the magistrate's recommendation that because the parties had been separated for thirty-three months and appellee paid spousal support during that time in the amount of $350.00 to $600.00 per month, continuing spousal support was not necessary. See, Magistrate's Decision filed October 9, 2003 at Recommendation No. 6.
 {¶ 26} Appellant argues the divorce had been pending for only a year when the hearing was held and therefore, the thirty-three months credit for spousal support was inaccurate.
 {¶ 27} The complaint for divorce filed on June 6, 2002 alleged the parties had been living separate and apart for more than a year. The trial court was informed the parties had been separated since 1999. February 9, 2004 T. at 17. The magistrate's decision at findings of fact nos. 17-21 set forth the reasoning for the termination of spousal support as follows:
 {¶ 28} "17. Christine Splitt is self-employed and earns Eight Hundred Dollars ($800.00) a month net income. In 2002 she earned Fourteen Thousand Dollars ($14,000.00), but expects less in 2003.
 {¶ 29} "18. Christine Splitt wants Spousal Support for thirty-six (36) months and wants to retain the residence.
 {¶ 30} "19. Joseph Splitt paid voluntary support of Three Hundred and Fifty Dollars ($350.00) to Four Hundred Dollars ($400.00) per week prior to the Court Order.
 {¶ 31} "20. The parties resided together and shared some expenses at Christine Splitt's pre-marital home.
 {¶ 32} "21. Joseph Splitt's job was terminated at the end of July 2003 due to permanent lay-off."
 {¶ 33} These findings are supported by the evidence. June 23, 2003 T. at 45, 55, 66.
 {¶ 34} Appellant argued during the objection hearing that although the magistrate's findings were true at the time of the hearing, appellee was now re-employed. February 9, 2004 T. at 11. Appellant was unable to provide appellee's new wages. Id. Appellee's counsel admitted appellee was re-employed but at considerable less wages, and appellee had in fact voluntarily paid appellant spousal support during the parties' separation from 1999. Id. at 17.
 {¶ 35} Based upon these facts, we conclude the trial court did not err in denying continued spousal support past the decree of divorce.
 {¶ 36} Assignment of Error I is denied.
 II {¶ 37} Appellant claims the trial court erred in awarding appellee $20,000.00 for his equitable share of the marital residence.
 {¶ 38} As stated supra, the trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry; Blakemore.
 {¶ 39} In finding of fact no. 23, the magistrate determined the marital residence "is appraised at One Hundred Fifty-Five Thousand Dollars ($155,000.00)." Appellant argues the magistrate's recommendation on this issue was based upon an appraisal by Mr. Wolfe as of the date of the divorce rather than the date of separation in 1999. In addition, this appraisal was not admitted into the record.
 {¶ 40} Appellant is correct in stating the appraisal of Mr. Wolfe is not in the record. Appellant objected to its admission and the transcript reveals the objection was never ruled upon. June 23, 2003 T. at 79.
 {¶ 41} Appellee's appraisal by Don Wallick, Plaintiff's Exhibit 13, listed a market analysis of $140,000.00. Id. at 61. Appellee opined "it's not much of an appraisal." Id. Appellee testified he estimated the value of the marital residence to be $170,000.00. Id. at 51. Appellant testified in her opinion the value was $136,000.00 to $140,000.00. Id. at 14.
 {¶ 42} Appellee testified the Wolfe appraisal listed the value of the marital residence as $155,000.00. Id. at 55. Although there was no ruling on its admission, the magistrate permitted cross-examination on it:
 {¶ 43} "Well, at this point, I have no appraisal on the house so I'm inclined to let an appraisal in simply because I can't do what I need to do until somebody gives me an appraisal. You're free to cross examine on this appraisal but I have to have something to work with. So, I'm going to allow it in simply because I've to have something." Id. at 54-55.
 {¶ 44} From the magistrate's finding, it is clear the trial court relied on the Wolfe appraisal although it was never admitted.
 {¶ 45} Because the valuation of the marital residence is critical to the determination of equitable division, we conclude the $155,000.00 figure should not have been used. The matter is remanded to the trial court for determination of value of the marital residence.
 {¶ 46} Regarding the proper date for evaluation, this issue is left to the discretion of the trial court. All the testimony by the parties, the admitted appraisal, Plaintiff's Exhibit 13, and the use of the mortgage amount centered upon the valuation as of the date of the hearing. We reject appellant's argument that the incorrect valuation date was used.
 {¶ 47} Assignment of Error II is granted in part.
 III {¶ 48} Appellant claims the trial court erred in not factoring in appellee's social security benefits in evaluating pension and marital property. We disagree.
 {¶ 49} Both the magistrate and the trial court found appellee's pension in question did not include social security benefits. In fact, during the trial to the magistrate, the issue of social security benefits was not raised.
 {¶ 50} After the hearing on the objections, the trial court permitted a second evaluation to be filed, including a social security benefit analysis. See, Evaluation filed March 11, 2004. After the submission of the report, and consistent with the dictates of Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-03624, the trial court concluded as follows:
 {¶ 51} "The authority cited to the Court by Plaintiff, i.e. Nevillev. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624 holding that the valuation of Social Security benefits is to be considered a `marital asset' and possibly awarded as part of a distributive award or a division of marital property does not mandate such an award in this case and that the speculative nature of a future award of Social Security benefits prevents the Court from considering the Social Security benefits of Defendant as a marital asset to be divided and possibly awarded to Plaintiff." Judgment Entry filed May 11, 2004.
 {¶ 52} The evidence supports this conclusion as the pension appraisal stated the following:
 {¶ 53} "This report does not quantify all possibilities. It is important to remember that Social Security is very complex. Benefit entitlements are interconnected between all family members and even some extended family. Depending on the future, relative ages and wages, a former spouse may be potentially eligible to draw spouse and widow(er) benefits from the higher wage earner at one point and then later, the situation might reverse. (It might even reverse again if the couple is in and out of the workforce!) Also keep in mind that former spouse benefits are not limited, and do not limit, the family maximum."
 {¶ 54} We conclude the trial court properly considered the social security issue, albeit in the thirteenth hour, and at its discretion, found it to be too speculative. We find no abuse of discretion in so finding.
 {¶ 55} Assignment of Error III is denied.
 {¶ 56} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Family Court Division is hereby affirmed in part, reversed in part and remanded.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Family Court Division is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.