OPINION NUNC PRO TUNC
{¶ 1} Appellant, Valerie Kinney, and appellee, Bruce Kinney, were married on July 26, 1980. Two children were born as issue of the marriage, namely, Kyle born November 22, 1986 and Ryan born December 23, 1989. On May 15, 2003, appellee filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on March 3, 2004. By decision filed August 31, 2004, the magistrate recommended a division of property, a spousal support award and the parental allocation of the children. Both parties filed objections. By judgment entry filed November 10, 2004, the trial court denied the objections.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN NOT CONSIDERING THE APPELLEE'S FUTURE SOCIAL SECURITY BENEFITS IN RELATION TO ALL MARITAL ASSETS WHEN IT DISTRIBUTED THOSE ASSETS."
 II {¶ 5} "THE COURT ERRED BY FAILING TO STRIKE THE JUDGMENT ENTRY FILED BY THE APPELLEE."
 {¶ 6} Appellee filed a cross-appeal and assigned the following errors:
 CROSS-ASSIGNMENT OF ERROR I {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS UNDER-VALUATION OF THE MARITAL RESIDENCE, RESULTING IN UNACCOUNTED FOR EQUITY TO WIFE IN AMOUNT OF $30,000.00, AND ITS FAILURE TO INCLUDE $4,000 IN UNACCOUNTED-FOR BANK FUNDS AS WIFE'S ASSETS, AND IN ITS AWARD OF $17,000 WORTH OF PROPERTY TO THE WIFE WHICH THE COURT STATED BELONGED TO THE CHILDREN THEREBY GIVING WIFE AN EXCESS OF $51,000.00 IN MARITAL PROPERTY. SAID DIVISION OF MARITAL PROPERTY WAS NOT EQUAL OR EQUITABLE AND WAS AGAINST THE WEIGHT OF THE MANIFEST EVIDENCE."
 CROSS-ASSIGNMENT OF ERROR II {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NEARLY DOUBLING HUSBAND'S SPOUSAL SUPPORT OBLIGATION FROM $981.00 PER MONTH TO $1,833.00 PER MONTH. SAID INCREASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 CROSS-ASSIGNMENT OF ERROR III {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT AWARDING SHARED PARENTING WHEN BOTH PARTIES FILED PLANS FOR SAME, THE GUARDIAN AD LITEM RECOMMENDED SAME, THE PSYCHOLOGICAL ISSUING EVALUATIONS RECOMMENDED THE SAME AND BOTH PARTIES TESTIFIED AT TRIAL AS TO THEIR DESIRE FOR SAME. THE TRIAL COURT'S DECISION FINDING THE PARTIES DID NOT HAVE THE ABILITY TO OPERATE UNDER A SHARED PARENTING PLAN AND SAME WAS NOT IN THE CHILDREN'S BEST INTEREST AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 10} Appellant claims the trial court erred in not including appellee's future social security benefits in determining the distribution of marital assets. We agree.
 {¶ 11} In Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, syllabus, the Supreme Court of Ohio held, "In making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets."
 {¶ 12} In his decision, the magistrate specifically referenced theNeville decision, and acknowledged the social security value could be considered in making an equitable distribution. The present marital value of the social security benefit was found to be $188,167.48. Each party has retirement benefits apart from social security. Appellant's STRS pension and annuity are valued at $332,618.83 and appellee's various annuities and funds are valued at approximately $341,500.00. T. at 35-36.
 {¶ 13} In dividing the marital property, the magistrate noted the "division of marital property and debt is not equal, but it is equitable under the circumstances of this case." The overall division of assets gave appellant over $9,000.00 more in assets.
 {¶ 14} In fashioning a property division, trial courts shall consider all relevant factors including those set forth in R.C. 3105.171(F):
 {¶ 15} "(1) The duration of the marriage;
 {¶ 16} "(2) The assets and liabilities of the spouses;
 {¶ 17} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 18} "(4) The liquidity of the property to be distributed;
 {¶ 19} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 20} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 21} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 22} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 23} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} It is obvious that the parties have unequal earning capacities. Appellant is a teacher and makes $57,000.00. T. at 40. Appellee is a doctor and makes $170,000.00 after leaving private practice. T. at 37. This was a marriage of twenty-three years. The trial court made an equitable yet unequal division without setting forth an explanation as to why. Pursuant to R.C. 3105.171(G), "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided * * *."
 {¶ 25} Upon review, we find the trial court's failure to explain the unequal division, coupled with no explanation as to the failure to account or not account for the value of appellee's social security, to be error.
 {¶ 26} Assignment of Error I is granted. The matter is remanded to the trial court to either account for the social security value or explain the inequitable division.
 II {¶ 27} Appellant claims the trial court erred in not striking the judgment entry filed by appellee on December 8, 2004 pursuant to court order.
 {¶ 28} The magistrate ordered appellee to submit a final entry containing credit amounts appellee was to receive for payments made. Because the final entry was not submitted in a timely manner, the trial court ordered that the entry be submitted within fourteen days or the matter would be dismissed. See, Judgment Entry filed December 3, 2004. On December 8, 2004, appellee submitted a judgment entry to appellant's counsel and filed a judgment entry the same day. Appellant argues this procedure violated Stark County Loc.R. 18.01(A) which states the following in pertinent part:
 {¶ 29} "Counsel for the party in whose favor a calendar entry, order, judgment or decree is entered in a cause in Civil or Domestic Relations Divisions shall, within ten (10) days thereafter unless otherwise specified by the Court, prepare a proper judgment entry and submit the same to counsel for the opposite party who shall approve or reject the same within three (3) days after its receipt by opposing counsel and may, in case of rejection, file objections thereto in writing by the Court."
 {¶ 30} Appellant argues the judgment entry was not submitted to her three days prior to its submission to the trial court. On the face of the entry, it is apparent it was submitted to her attorney and then filed on the same day, December 8, 2004. Although the parties were under a fourteen day order to submit an entry or face dismissal, there was sufficient time to allow three days to pass from December 8, 2004 and not suffer dismissal.
 {¶ 31} We concur the trial court should have stricken the entry until appellant's objections could be heard. In the magistrate's decision of Conclusion of Law No. 11, the court provided for credits on appellant's child support payment and house payments since March 1, 2004. Therefore, the calculations in the judgment entry are open to dispute or clarification based upon the remand. Appellant should be given the opportunity to be heard on the calculations. Assignment of Error II is granted.
 Cross-Assignment of Error I {¶ 32} Appellee claims the trial court erred in its valuation of the marital residence, in not requiring appellant to account for $4,000.00 worth of bank funds and in awarding appellant $17,000.00 worth of property that belonged to the children. We agree in part.
 {¶ 33} The trial court is provided with broad discretion in deciding what constitutes an equitable property division upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 34} The marital residence was located on Lynleigh Avenue in Jackson Township. The trial court found the value of this property to be $189,900.00. Appellee's appraiser valued the property at $219,900.00 and appellant's appraiser valued the property at $160,000.00. T. at 22, 58-59. The auditor's tax valuation was for $175,000.00 and appellant's appraiser listed an approximate average listing of $174,000.00. T. at 80-81.
 {¶ 35} Appellant claimed the residence suffered from water damage and was in need of updating. T. at 59. Appellee claimed the residence had been improved with a finished basement, a deck and a Jacuzzi. T. at 22.
 {¶ 36} None of the evidence establishes the value of the marital residence was $189,000.00. Therefore without any explanation, we find the valuation to be in error.
 {¶ 37} Appellee also argues the trial court erred in not making appellant account for $4,000.00 worth of bank funds taken and used prior to the temporary orders. At the conclusion of the hearing, the magistrate stated, "Um and if you have ah anything with regard to the $4,000.00 then you can submit that since you said you submitted it already." T. at 103. Appellee characterizes this statement as a mandate. We find it was not a specific mandate but was a voluntary request.
 {¶ 38} Appellant argues she had resolved this issue during previous hearings. We note by order filed June 11, 2003, the magistrate ordered appellant to account for the funds within thirty days. Appellant answered interrogatories on July 23, 2003 however, they were not filed with the court. No further motions were filed pursuant to the June 11, 2003 order. Therefore, we presume the order was complied with and find the trial court did not err on this issue.
 {¶ 39} Lastly, appellee argues the trial court erred in determining that certain funds worth $17,000.00 belonged to the children. Both appellee and appellant admitted the funds were in the children's names. T. at 32-33, 67. They expressed the desire to control these funds and admitted they used some of the funds to pay for high school tuition. T. at 34-35, 67. Both children are teenagers, with the oldest turning eighteen before the final decree. Therefore, we conclude the trial court was correct in finding the funds belonged to the children.
 {¶ 40} Cross-Assignment of Error I is granted in part and denied in part.
 Cross-Assignment of Error II {¶ 41} Appellee claims the trial court erred in increasing the spousal support award from $981.00 to $1,833.00 per month. We disagree.
 {¶ 42} In determining spousal support, trial courts shall consider the following factors set forth in R.C. 3105.18(C):
 {¶ 43} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 44} "(b) The relative earning abilities of the parties;
 {¶ 45} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 46} "(d) The retirement benefits of the parties;
 {¶ 47} "(e) The duration of the marriage;
 {¶ 48} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 49} "(g) The standard of living of the parties established during the marriage;
 {¶ 50} "(h) The relative extent of education of the parties;
 {¶ 51} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 52} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 53} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 54} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 55} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 56} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 57} The parties were married for twenty-three years. Appellee had recently left the private practice of medicine because of increased malpractice rates and now works as an employee at Robertson Memorial Hospital earning $170,000.00 a year. T. at 37-38. Appellant earned $57,000 per year. T. at 40. After deductions, tax implications and child support, there exists a $1,100.00 difference in the parties' monthly incomes. T. at 45. In addition, because the oldest child turned eighteen before the final decree, child support would diminish. Appellant was responsible for the mortgage on the Lynleigh Avenue property. Therefore, we find no error in the trial court's determination of spousal support.
 {¶ 58} Cross-Assignment of Error II is denied.
 Cross-Assignment of Error III {¶ 59} Appellee claims the trial court erred in not ordering shared parenting. We disagree.
 {¶ 60} Although both parties requested shared parenting prior to the hearing, during the hearing appellant testified she did not believe it would be in the children's best interests. T. at 72. The guardian ad litem recommended that joint parenting be tried on a temporary basis because the youngest child was hesitant, and only if appellee moved back to Jackson Township. T. at 9. The oldest child reached majority prior to the final decree and it was the guardian ad litem's opinion that he was the only child in favor of it. Id.
 {¶ 61} Although there had been communication problems resulting in a contempt citation against appellant, she agreed she had learned by that mistake. T. at 53. Therefore, we conclude the trial court did not err in rejecting the shared parenting request which was only favored by appellee.
 {¶ 62} Cross-Assignment of Error III is denied.
 {¶ 63} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part, reversed in part and remanded.
Farmer, J., Edwards, J., concurs.
Hoffman, P.J., concurs in part and dissents in part.