OPINION
{¶ 1} Plaintiff-appellant Jeanne Anne Rockne-Volpe appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which granted a divorce to her and defendant-appellee Bernard Stephen Volpe, Sr., and divided the parties' assets and debts. Appellant assigns five errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DETERMINING THAT THE DURATION OF THE MARRIAGE AS DEFINED AT O.R.C. 3105.171 (A)(2)(b) WAS FROM THE DATE OF MARRIAGE TO THE DATE OF SEPARATION WITHOUT EXPLANATION AS TO WHY THIS WAS EQUITABLE.
 {¶ 3} "II. THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHAT CONSTITUTES MARITAL AND WHAT CONSTITUTES SEPARATE PROPERTY UNDER O.R.C. 3105.171 (A)(6)(b).
 {¶ 4} "III. THE TRIAL COURT ERRED IN AWARDING THE OVERWHELMING MAJORITY OF THE ASSETS TO THE HUSBAND, WHERE PROPERTY WAS NOT CLEARLY DEFINED OR VALUED, WHERE IT CANNOT BE DETERMINED WHETHER THE AWARD WAS FAIR, EQUITABLE OR IN ACCORDANCE WITH O.R.C. 3105.171.
 {¶ 5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION FAILING TO ORDER THE HUSBAND TO PAY SPOUSAL SUPPORT TO HIS WIFE, WHERE HIS INCOME, EDUCATIONAL AND EARNING POTENTIAL SO FAR EXCEED HERS. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE COURT'S FINDING THAT THE WIFE'S INCOME FROM ROCKNE ENTERPRISES WOULD PROVIDE A STREAM OF INCOME.
 {¶ 6} "V. THE TRIAL COURT'S SANCTIONS FOR CONDUCT DURING THE PENDENCY OF THE DIVORCE CONSTITUTE AN ABUSE OF DISCRETION WHEN THEY ARE SO HARSH THAT THE WIFE IS STRIPPED OF ALL OF THE ECONOMIC BENEFIT OF 30 YEARS OF MARRIAGE. IT IS FURTHER ERROR FOR THE COURT TO THEN ORDER THE WIFE TO PAY A PORTION OF HER HUSBAND'S ATTORNEY FEES WITHOUT CONSIDERING HER ABILITY TO PAY THE SAME."
 {¶ 7} The record indicates the parties were married nearly thirty years, and their children are emancipated. The court made additional factual findings, which we will discuss in the appropriate assignment of error.
 {¶ 8} The Ohio Supreme Court has consistently held our standard of reviewing the propriety of a trial court's determination in divorce cases is the abuse of discretion standard, Booth v. Booth (1989), 44 Ohio St.3d 142. The court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g.,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 9} The Supreme Court has made the abuse of discretion standard expressly applicable to decisions regarding property division in Martin v. Martin (1985), 18 Ohio St. 3d 292, and to spousal support in Blakemore, supra. The trial court has broad discretion in choosing the appropriate marriage termination date for purposes of property valuation, Berish v. Berish (1982), 69 Ohio St. 2d 318. The Supreme Court has directed us not to review property divisions piecemeal, but rather to view them in their entirety and to consider the totality of circumstances, Brigantiv. Briganti (1984), 9 Ohio St. 3d 220.
 I. {¶ 10} In her first assignment of error, appellant argues the trial court erred in determining the ending date of the marriage was the date the parties separated, over one year before the final hearing on the matter. R.C. 3105.171 provides ordinarily the duration of the marriage is from the date the parties married through the date of the final hearing. However, the trial court can determine either one or both dates are inequitable, and may select dates it considers equitable. The dates the court uses may affect the valuation of the parties' assets.
 {¶ 11} As appellee argues, the court actually used later dates in establishing the value of the various assets, which benefited appellant. The court utilized Pension Valuation Reports, which valued appellee's Air Force retirement pension, his STRS pension, and both parties' Social Security accounts as of September 29, 2005. The court valued appellee's annuity as of March 31, 2005.
 {¶ 12} We have reviewed the record, and we find there was evidence presented to the court from which it could find the marriage had ended when the parties separated and established separate financial and living arrangements.
 {¶ 13} The first assignment of error is overruled.
 II. III {¶ 14} In her second assignment of error, appellant argues the court did not determine what constitutes marital and separate property. In her third, she argues the court awarded appellee the majority of the marital property.
 {¶ 15} R.C. 3105.171 (B) states "In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest."
 {¶ 16} Appellant is the granddaughter of Knute Rockne, and she and her two brothers operate a limited liability corporation, Rockne Enterprises, to market his image. During the pendency of the case, and at the hearing, appellant refused to disclose information about the financial affairs of Rockne Enterprises. Appellant testified she was paid a percentage of any income, royalties, or commissions generated from the marketing of her grandfather's likeness, and the company sells T-shirts, hats, and sports memorabilia with his name or image on it. Appellant's testimony at trial was somewhat inconsistent as to her income from Rockne Enterprises, and as to whether she had complied with discovery requests.
 {¶ 17} The trial court found the income from Rockne Enterprises was the separate property of appellant. The court found for one month each in 2004 and 2005, she received royalties of $2521.37, and $7,201.80 respectively. The court concluded at a minimum Rockne Enterprises generated income of $360 per month to appellant. The record also indicates appellant did not disclose details of some of her bank accounts until appellee learned of them, and the court found appellant had other accounts, but had failed to reveal the balances.
 {¶ 18} Notwithstanding the fact Rockne Enterprises is appellant's separate property, the court had jurisdiction over it and was required to consider it in dividing the marital and separate property equitably. In failing to disclose this asset, appellant severely interfered with the trial court's ability to fully assess the parties' financial circumstances.
 {¶ 19} The trial court listed the parties' assets and debts insofar as it could given appellant's noncooperation, and provided a detailed summary of the property distribution, stating the values. It compared the parties' shares and determined appellee received more than appellant. The court ordered appellee to pay appellant the difference in order to equalize the parties' respective shares.
 {¶ 20} In Hoyt v. Hoyt (1990), 53 Ohio St. 3d 117, the Ohio Supreme Court held:
 {¶ 21} "When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Syllabus by the court paragraph one.
 {¶ 22} The Supreme Court noted there are exclusions to the general rule: Social Security benefits, disability retirement pay, and railroad benefits. Federal law prohibits the division of these benefits. At one time federal law also prohibited division of military benefits, but Congress has since enacted legislation to allow courts to consider military benefits as marital property.
 {¶ 23} In Neville v. Neville (2003), 99 Ohio St. 3d 275, the Ohio Supreme Court discussed the problems associated with treating Social Security accounts as marital property. Acknowledging the federal restrictions, the court found Social Security benefits are not considered divisible marital assets, but may be considered in fashioning an equitable property division. The trial court should not consider the benefits themselves, but rather the disparity in the parties' future benefits, in relation to all marital assets. The trial court may shift some marital assets in order to achieve equity.
 {¶ 24} Appellee had a military pension, Social Security retirement, and an STRS pension, all in payout status. Only portions of the military pension and Social Security pension were acquired during the marriage.
 {¶ 25} The trial court awarded appellee his Social Security benefits. The court made no mention of appellant's Social Security account, which was not in payout at the time it was valued. The court found both parties are eligible to receive Social Security. The STRS account was completely marital property, and the trial court divided it equally.
 {¶ 26} Less than half the military pension was marital property. The trial court found an equal division of the marital portion was neither appropriate nor just. The court cited appellant's evasiveness, her withdrawal of large sums of money from the parties' joint account, and her failure to comply with court orders regarding discovery and filing a joint tax return, which caused appellee to incur penalties and interest, while appellant received and retained a refund. The court found appellant should receive one third of the marital portion of the military pension, rather than one half. We calculate the difference to be approximately $160 per month.
 {¶ 27} Any difficulty the trial court and this court have in considering the distribution of assets is the direct result of appellant's stonewalling all attempts to gather information about Rockne Enterprises and her bank accounts. We find the trial court made proper findings about the parties' assets, and did not abuse its discretion in dividing the property as it did.
 {¶ 28} The second and third assignments of error are overruled.
 IV. {¶ 29} In her fourth assignment of error appellant argues the court should have awarded her spousal support. Appellant testified she had no income, and needed spousal support for at least three years to enable her to finish chef's school.
 {¶ 30} The court cited R.C. 3105.18, and found it had taken into consideration the factors set forth in Section C. Those factors are:
 {¶ 31} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 32} (b) The relative earning abilities of the parties;
 {¶ 33} (c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 34} (d) The retirement benefits of the parties;
 {¶ 35} (e) The duration of the marriage;
 {¶ 36} (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 37} (g) The standard of living of the parties established during the marriage;
 {¶ 38} (h) The relative extent of education of the parties;
 {¶ 39} (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 40} (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 41} (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 42} (l) The tax consequences, for each party, of an award of spousal support;
 {¶ 43} (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 44} (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 45} The court found appellee's retirement from the school system was not voluntary. The court found appellee had cancer and attempted to return to work full time after surgery, but was unable to do so. The court found appellant worked part time on a marginal scale of several hours per week.
 {¶ 46} The court found appellant was evasive about her sources of income, which provided a stream of income to her. Appellant argues there was insufficient evidence presented to support this finding, but the paucity of evidence is directly attributable to appellant's misconduct. The court found it has assigned appellee the marital debts which carried substantial interest payments. The court concluded in light of these factors, spousal support was not appropriate.
 {¶ 47} Spousal support is no longer determined based on need; the focus of the determination is on the appropriateness and reasonableness of an award of spousal support, See R.C.3105.18(C)(1); Brown v. Brown, Pike App. No. 02CA689, 2003-Ohio-304, ¶ 13. Although R.C. 3105.18 does not require a spousal support award to provide the parties with an equal standard of living, a disadvantaged spouse should receive sufficient spousal support to bring him or her up to a reasonable standard of living in light of the standard maintained during the marriage. Glass v. Glass (June 30, 2000), Trumbull App. No. 99-T-0045, unreported.
 {¶ 48} We have reviewed the record, and we find the trial court did not abuse its discretion in determining neither party should receive spousal support. R.C. 3105.18 requires the court to consider all sources of income and the record is clear appellant refused to disclose information about her financial circumstances. In light of this, she cannot now complain the court did not properly consider her request for additional funds.
 {¶ 49} The fourth assignment of error is overruled.
 V. {¶ 50} In her fifth assignment of error, appellant argues the court's sanctions for conduct during the pendency of the divorce were too harsh, and stripped her of the economic benefits of 30 years of marriage. The court cited her refusal to divulge information as a reason to reduce her share of the military pension. Ohio law requires the court to consider appellant's separate property in fashioning its award. The court awarded her approximately $160 less of the military pension to offset the estimated $360 per month from Rockne Enterprises, which appears from the record to be a modest estimate. We find because the court had discretion to make this equitable division, it cannot be considered a penalty.
 {¶ 51} Appellant also argues the trial court erred in ordering her to pay a portion of appellee's attorney fees without considering her ability to pay. It is astonishing appellant would conceal her income and then argue the court did not consider her ability to pay. The trial court found appellee had incurred additional attorney fees in his attempt to force compliance with discovery, which appellant never provided. The trial court found this additional cost should be deducted from her share of the parties' annuity.
 {¶ 52} We find the trial court did not abuse its discretion. The fifth assignment of error is overruled.
 {¶ 53} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
By Gwin, P.J., and Hoffman, J., concur;
Farmer, J., dissents.