DECISION AND JUDGMENT ENTRY
{¶ 1} Gary L. Bishman appeals the decision of the Washington County Court of Common Pleas awarding spousal support in the amount of $611.00 per month to his ex-wife, Sandra L. Bishman. Appellant argues that the trial court violated state and federal law when it ordered spousal support in the amount of one-half of his monthly Social Security benefit. Because federal and state law prohibit the division of Social Security benefits in divorce proceedings, we agree. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} Gary and Sandra Bishman married on March 6, 1964 and one child was born as issue of the marriage.[1] On January 14, 2003, Appellee filed a complaint for divorce on the grounds of incompatibility. Appellant filed an answer and counterclaim, which requested a divorce on the grounds of incompatibility and adultery.
 {¶ 3} On July 21, 2003 the trial court held a hearing on the contested divorce. Evidence and testimony at the hearing showed that Appellant is currently drawing on his Social Security benefit at a rate of $14,664.00 per year. The trial court filed its Findings of Fact and Conclusions of Law on September 4, 2003 and issued a final entry on September 17, 2003.
 {¶ 4} In its Findings of Fact and Conclusions of Law, the trial court found that (1) the parties were incompatible; (2) their marriage was irretrievably broken; (3) Appellee committed adultery; and (4) each party was entitled to a divorce. In addition, the trial court found that Appellee acted as a homemaker during the majority of the marriage and that she has no Social Security coverage. The trial court concluded that it would be inequitable for it to not consider the $14,664.00 Appellant receives annually in Social Security Benefits. It issued a spousal support order at the rate of $611.00 per month. The court stated that this amount was "one-half (1/2) of $14,664.00 divided by 12." The trial court reserved jurisdiction to modify the spousal support annually as Appellant's Social Security benefit increases.
 {¶ 5} In its final judgment entry, the trial court ordered Appellant pay Appellee $611.00 per month as spousal support. The trial court characterized the spousal support as a "property division equalization." It ordered that payments continue until the sooner of two events: (1) Appellant's death or (2) Appellee obtains the value of $255,155.37 in spousal support. The trial court stated that Appellee "is entitled to one-half the value of Defendant/Husband's receipt of Social Security from the date of filing of the divorce to the current date."
 {¶ 6} Appellant appeals and raises the following assignments of error: "[I.] The trial court's award of "spousal support" violates federal law and Ohio Supreme Court precedent. [II.] The trial court failed to apply the relevant factors in determining to award appellee "spousal support." [III.] The trial court's award of "spousal support" represents an inequitable division of the parties' assets, and constitutes an abuse of discretion."
 II. {¶ 7} In his first assignment of error, Appellant argues that the trial court erred when it ordered spousal support in the amount of one-half of his monthly Social Security benefit. Appellant contends that federal and state law prohibit a trial court from dividing a Social Security benefit in a divorce proceeding. Appellee argues that the trial court properly considered the Social Security benefit in order to arrive at a fair and equitable distribution of the marital assets.
 {¶ 8} In a divorce proceeding, a trial court enjoys broad discretion in crafting an equitable division of marital assets. R.C. 3105.171(C)(1);Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131; Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355. Despite the trial court's broad discretion, Ohio law requires the court to divide marital and separate property equitably between the parties. R.C. 3105.171(B). In most cases, this requires the court to divide the marital property equally. R.C.3105.171(C)(1). However, if an equal division would produce an inequitable result, the court may divide the property in a way that the court determines to be equitable. Id.
 {¶ 9} We will not reverse a trial court's allocation of marital property and debt absent an abuse of discretion. Holcomb at 131. An abuse of discretion connotes more than a mere error of judgment; it implies the court's attitude is arbitrary, unreasonable, or unconscionable. Mastersv. Masters (1994), 69 Ohio St.3d 83, 85; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990),53 Ohio St.3d 161, 169. Instead, we must view the property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the parties' marital assets and liabilities. Briganti v. Briganti (1984),9 Ohio St.3d 220, 222.
 {¶ 10} In general, retirement and pension benefits earned during the course of the marriage are marital assets. As such, they must be considered in the division of property. Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 178. However, pursuant to federal law, Social Security benefits are not subject to division in a divorce proceeding. Hoyt, at fn3. Section 407(a), Title 42, U.S. Code "forbids any transfer or assignment of Social Security benefits and, in general, protects these benefits from `execution, levy, attachment, garnishment, or other legal process.'" Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 7.
 {¶ 11} In Neville, the Ohio Supreme Court acknowledged that Social Security benefits are not considered a marital asset and that federal law prohibits the division of such benefits in a divorce proceeding. Nonetheless, the Court held that "[i]n making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets." Id. at syllabus. Essentially, the Court's decision allows a trial court to offset a party's future Social Security benefits, but still prohibits a trial court from deviating from federal law by actually dividing that benefit.
 {¶ 12} Here, the trial court abused its discretion when it ordered Appellant to pay one-half of his monthly Social Security benefit to Appellee. The trial court awarded Appellee one-half of Appellant's monthly Social Security benefit, with such award to continue until Appellant's death or the date when Appellee receives one-half of Appellant's total interest in Social Security. The court termed this award as a "spousal support property division." That term was used in Ohio's prior divorce law, in which the trial court used alimony to effectuate a property division.
 {¶ 13} The trial court's order actually divides Appellant's Social Security benefit. That action is prohibited by federal and Ohio law. Section 407(a), Title 42, U.S. Code; Hoyt, supra, at fn3. While a trial court may consider a party's Social Security benefit in relation to all marital assets when making an equitable division, it simply cannot actually divide that benefit to effectuate spousal support. Here, the trial court made a separate finding, in which it awarded Appellee $30,063.35 more than Appellant to equalize the property division. That finding took into consideration all marital assets. If the trial court properly considered Appellant's Social Security benefit, such consideration would have been reflected in this latter finding, rather than by actually dividing the benefit. Instead, the trial court divided Appellant's Social Security benefit, and considered that benefit alone in the spousal support order. The trial court abused its discretion by actually dividing the benefit, instead of considering it in relation to all marital assets. Therefore, we sustain Appellant's first assignment of error.
 III. {¶ 13} Because our resolution of Appellant's first assignment of error renders the remaining assignments of error moot, we decline to address them. See App.R. 12(A)(1)(c). Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that the Appellant recover of Appellee costs herein be taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. and Harsha, J.: Concur in Judgment and Opinion.
[1] The child is now an adult.