DECISION AND JUDGMENT ENTRY
{¶ 1} Dolly Cardiff appeals from the Jackson County Common Pleas Court's judgment granting her a divorce from Todd Cardiff. Ms. Cardiff contends that the trial court erred in dividing the parties' marital debts, specifically arguing that mortgage debt on the parties' marital residence should not have been included in the "pot" of marital debts that was divided between the parties. Because the parties stipulated that Mr. Cardiff was to receive the house and pay the debt associated with it, we agree that the trial court abused its discretion ordering Ms. Cardiff to pay part of the mortgage. Thus, we vacate that portion of the judgment concerning the parties' "Indebtedness" and remand for further proceedings consistent with this decision.
 I. Facts {¶ 2} The parties were married in 1997 and have two children together. Ms. Cardiff ("plaintiff") filed a complaint for divorce in 2004, and Mr. Cardiff ("defendant") later counterclaimed for divorce. Subsequently, the trial court entered final judgment, adopting the magistrate's decision and granting the parties a divorce.
 {¶ 3} During the proceedings, the parties entered into several stipulations concerning the property division. The most relevant stipulation states that "[t]he marital home has no equity. The Defendant will take the marital home and hold the Plaintiff harmless on the debt." The trial court awarded defendant the marital residence in accordance with the parties' stipulation and awarded plaintiff a home she had purchased after she filed the divorce complaint. The court awarded each party the personal property and vehicles in his or her possession, together with one-half of a $6,500 bank account. It also ordered each party to be responsible for the payment of any debt associated with the property that he or she received.
 {¶ 4} Although the parties had relatively few assets, they had accumulated approximately $450,000 in credit card, loan, and other debts, all of which the trial court found to be marital debts as provided in R.C. 3105.171(A)(3). Determining it would be equitable to divide the debts based upon the percentage of each party's contribution to the combined marital income, the court ruled that Ms. Cardiff must pay approximately 27% and Mr. Cardiff must pay 73% of the marital debts. Applying the 27% to 73% split to the total marital debt of the parties, the court ordered Ms. Cardiff to pay $98,052 as her share and Mr. Cardiff to pay $351,577 as his share of the parties' debts. Ms. Cardiff's share included 27% of the $234,451 mortgage debt owed on the marital residence, which the trial court awarded Mr. Cardiff under the parties' stipulation.
 II. Assignment of Error {¶ 5} Ms. Cardiff does not take issue with the trial court's ruling that she must pay 27%, while Mr. Cardiff must pay 73% of the marital debts. Nor does she dispute that in accordance with the parties' stipulation, Mr. Cardiff should receive the marital residence, which the parties agreed has zero equity. Rather, in her sole assignment of error, plaintiff contends:
 The Trial Court erred in allocating the full value of a marital debt without first setting off the value of the marital asset which is associated with the debt and which was awarded outright to the party paying the debt.
 {¶ 6} In essence she complains the court erred by including the mortgage debt associated with the marital residence as part of the marital debt to be divided pro rata between the parties. Because the parties stipulated that Mr. Cardiff got the house and was to pay the mortgage, she contends that debt should not have been apportioned between them.
 III. Division of Marital Property and Debts {¶ 7} Under Ohio law, trial courts are required to divide marital property equitably between the spouses. See R.C. 3105.171(B);Samples v. Samples, Washington App. No. 02CA21, 2002-Ohio-5441, ¶ 12. Generally, this requires the court to divide the marital property equally, but if an equal division would produce an inequitable result, the trial court is to divide the property in the manner the court determines to be equitable. R.C. 3105.171(C)(1). In dividing the marital property, the trial court must distribute and allocate both marital property and marital debt. See R.C. 3105.171(F); Samples, at ¶ 22;Brown v. Brown, Pike App. No. 02CA689, 2003-Ohio304, ¶ 16.
 {¶ 8} The trial court possesses a great deal of discretion in attaining an equitable distribution, and we will not reverse a trial court's allocation of marital property and debt absent an abuse of discretion.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131; Worthington v.Worthington (1986), 21 Ohio St.3d 73, 76; Martin v. Martin (1985),18 Ohio St.3d 292, 294-295; Blakemore v. Blakemore (1983),5 Ohio St.3d, 217, 218-219. See, also, Brown, supra; Samples, supra, at ¶ 26. We view property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the parties' marital assets and liabilities.Bishman v. Bishman, Washington App. No. 03CA54, 2005-Ohio-4379, at ¶ 9, citing Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
 {¶ 9} Ms. Cardiff asserts the inclusion of the marital residence's mortgage in the general pot of marital debts that was subject to division between the parties constituted an abuse of discretion. She does so on the basis that it was inconsistent with the parties' stipulation that both the marital residence and mortgage debt would be allocated to Mr. Cardiff. She argues that the trial court, in essence, awarded Mr. Cardiff 100% of the value of the marital residence while requiring him to pay only 73% of the debt associated with the house. She complains she received no equity in the house but has to pay 27% of the debt in spite of the stipulation. Ms. Cardiff contends that in accordance with the parties' agreement, the $234,451 mortgage debt on the marital residence was "taken off the table" and only those marital debts remaining after the mortgage debt was removed from consideration should be split between the parties. She maintains that $215,178, representing the parties' total marital debt without inclusion of the $234,451 mortgage debt, is the amount properly subject to an 27% to 73% allocation between the parties. Her 27% share of this amount is $58,098--$40,000 less than the $98,052 calculated by the trial court.
 {¶ 10} We agree with her and conclude the trial court abused its discretion in allocating the parties' marital assets and liabilities. Consistent with the parties' stipulation, the court awarded the marital residence to defendant and ordered that each party would be responsible for the payment of any debt associated with the property the party received; there is no dispute that the amount of debt associated with the marital residence was $234,451. However, after allocating the entire amount of mortgage debt to Mr. Cardiff, the court then included the $234,451 mortgage indebtedness with the marital debts, which were subject to a 27% to 73% split between the parties.
 {¶ 11} The court's inclusion of the $234,451 mortgage debt in the general pool of marital debts was inconsistent with the parties' stipulation and with the court's award of the marital residence and its indebtedness to Mr. Cardiff. The result was also inconsistent with the court's ruling that Ms. Cardiff pay 27% and Mr. Cardiff pay 73% of the marital debt. The "marital debt" that is subject to the proportional allocation is $215,178, i.e., the amount of indebtedness remainingafter the award solely to Mr. Cardiff of the marital residence and its associated debt in accordance with the parties' stipulation. Ms. Cardiff's 27% share of $215,178 is $58,098. The court's order that she must pay $98,052 as her share of the marital indebtedness is inequitable and inconsistent with its own ruling because it essentially requires plaintiff to pay 45%, rather than 27% of the marital indebtedness.
 {¶ 12} We sustain Ms. Cardiff's single assignment of error and vacate the portion of the judgment entitled "Indebtedness". The judgment is affirmed in all other respects and the case is remanded for further proceedings consistent with this court's decision. JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and that Appellant and Appellee split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
For the Court BY: William H. Harsha, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.