NEVILLE, APPELLEE, *v.* NEVILLE, APPELLANT.

[Cite as *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624.]

(No. 2002–1173—Submitted April 29, 2003—Decided July 23, 2003.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} Plaintiff-appellee, Joe E. Neville, and defendant-appellant, Judi K. Neville, were married on February 4, 1972. For almost 30 years, appellee was the primary wage earner while appellant stayed home and raised their three children, who are now emancipated. On September 20, 2000, appellee filed for divorce. At the time of the divorce hearing, held in May 2001, appellee was 52 years old and appellant was 50 years old.

{¶ 2} The matter was heard before a magistrate. Although the parties agreed that they should be granted a divorce on the grounds of incompatibility, they could not agree on an equitable property division. Among the assets the magistrate considered were several retirement and profit-sharing accounts, the parties' anticipated Social Security benefits, and the marital residence.[1] In dividing the marital assets, the magistrate found that although the parties' potential Social Security benefits could not be divided, their value could be considered in order to reach an equitable property division. The magistrate recommended that appellant be awarded the equity in the marital residence, explicitly balancing its value against appellee's Social Security benefits. The magistrate further recommended that appellee be awarded the life insurance annuity and that the parties divide the remaining retirement accounts.[2]

{¶ 3} Over objections, including appellee's objections to consideration of his Social Security benefits, the trial court adopted the magistrate's recommendations. The court of appeals reversed, finding that the trial court erred in considering the parties' Social Security benefits when dividing the marital property. The court concluded that Social Security benefits could be offset only against other defined-benefit retirement plans. The cause is before this court upon allowance of a discretionary appeal.

{¶ 4} In this case, we are asked to decide what consideration, if any, a trial court may give to future Social Security benefits when dividing marital assets in a divorce action. Appellant contends that a trial court, in formulating an equitable division of property in a divorce action, may take into account the value of future social security benefits in relation to any marital assets. However, appellee argues that Social Security benefits may be considered only to offset other retirement benefits. Appellee maintains that a trial court may not consider Social Security benefits in relation to all marital property because the court would in effect be dividing the Social Security benefits as marital assets, which contravenes federal law. For the reasons that follow, we hold that a trial court, in seeking to make an equitable distribution of marital property, may consider

---

1. Joe's IRA account was valued at $73,262.23; Joe's 401(K) account was valued at $2,991.25; Joe's vested benefit in an employees stock ESOP account was valued at $21,036.16; and Joe's life insurance annuity was valued at $19,570.02. The value of the marital residence was $43,000. The present value of the part of Joe's Social Security interest earned during the marriage was $94,794.30 assuming that he retired at age 62 and based upon an annual compounding cost of living adjustment ("COLA") of 2.44 percent. Without any COLA, the present value of the marital portion of Joe's Social Security interest was $76,262.33. Judi's Social Security interest was valued at $50,326.49 with COLA, and $39,414.04 without.

2. The court further ordered Joe to pay Judi $2,000 per month in spousal support until further order of the court and required Joe to purchase a life insurance policy that would pay Judi at least $25,000 if he dies before the spousal support order is terminated.

the parties' future Social Security benefits in relation to all marital assets. Accordingly, we reverse the decision of the court of appeals.

{¶ 5} In any divorce action, the starting point for a trial court's analysis is an equal division of marital assets. R.C. 3105.171(C); see, also, *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 421 N.E.2d 1293. However, R.C. 3105.171(C) clearly provides that where an equal division would be inequitable, a trial court may not divide the marital property equally but instead must divide it in the manner that the court determines to be equitable. In order to determine what is equitable, a trial court must consider the factors set forth in R.C. 3105.171(F). Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion.

{¶ 6} To determine whether the trial court abused its discretion, we must first take a closer look at the nature of Social Security benefits. In general, pension and retirement benefits acquired by a spouse during the marriage are deemed marital assets that are subject to division. *Erb v. Erb* (1996), 75 Ohio St.3d 18, 20, 661 N.E.2d 175. Social Security benefits share many of the attributes of pension and retirement benefits, yet they are characterized differently under federal law.

{¶ 7} Specifically, Section 407(a), Title 42, U.S.Code, forbids any transfer or assignment of Social Security benefits and, in general, protects these benefits from "execution, levy, attachment, garnishment, or other legal process."[3] The United States Supreme Court has construed similar statutory language relative to other retirement benefits to mean that the benefits may not be divided in a divorce proceeding. See, e.g., *Hisquierdo v. Hisquierdo* (1979), 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (railroad retirement benefits); *McCarty v. McCarty* (1981), 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (military retirement pay); *Mansell v. Mansell* (1989), 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (military disability benefits). The crux of these decisions is that federal law, which prohibits the division of these assets, prevails over state law, based upon the Supremacy Clause of the United States Constitution, Clause 2, Article VI, United States Constitution. In other words, federal law preempts state law that would authorize distribution of these benefits. *Hisquierdo.*

{¶ 8} In *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 178, 559 N.E.2d 1292, fn. 3, we therefore held that Social Security benefits themselves are not subject to division in a divorce proceeding. The question remains whether a trial court may consider Social Security benefits at all when dividing property in a divorce

---

3. An exception is made for the collection of child support and alimony that is past due. Section 659(a), Title 42, U.S.Code.

proceeding. The courts that have addressed this issue have taken divergent positions.

{¶ 9} Some find it inappropriate to consider Social Security benefits at all. These courts reason that even considering the value of Social Security benefits contravenes federal law, since it essentially results in an improper division of these benefits, either directly or through an offset. See, e.g., *Wolff v. Wolff* (1997), 112 Nev. 1355, 1363, 929 P.2d 916; *Olson v. Olson* (1989), 445 N.W.2d 1; and *In re Marriage of Swan* (1986), 301 Ore. 167, 720 P.2d 747. Other courts have held that Social Security benefits may be considered only when they are compared to other retirement benefits. E.g., *Smith v. Smith* (1993), 91 Ohio App.3d 248, 255 632 N.E.2d 555. Going even further, the court of appeals in the instant case held that Social Security benefits can be offset only against other defined-benefit retirement benefits.

{¶ 10} Other courts take a less restrictive approach and hold that a trial court may consider such benefits as one factor in the overall scheme when making a property division. See, e.g., *In re Marriage of Brane* (1995), 21 Kan.App.2d 778, 908 P.2d 625, *In re Marriage of Zahm* (1999), 138 Wash.2d 213, 978 P.2d 498; *Mahoney v. Mahoney* (1997), 425 Mass. 441, 681 N.E.2d 852; *Rudden v. Rudden* (Mo.App.1989), 765 S.W.2d 719; *Gerrard v. Gerrard* (Mar. 13, 1990), 2d Dist. No. 2633, 1990 WL 27509; *Streeter v. Streeter* (July 30, 1991), 10th Dist. No. 91AP–14, 1991 WL 151215. These courts reason that in order to arrive at an equitable division of property, it is appropriate to consider *all* assets and resources when making a property division, including the value of anticipated future Social Security benefits. Another justification for considering these benefits is that "a spouse's social security contributions and ultimate benefits have been increased by the work of the other spouse, and * * * that a nonemployed spouse loses spending power after a divorce through the inability to use the other spouse's social security benefits." (Footnote omitted.) 2A Social Security Law and Practice (Flaherty & Sigillo, Eds., 1994), Section 34:67.

{¶ 11} We believe that allowing consideration of Social Security benefits in relation to all marital assets is the more reasoned approach. In order to equitably divide marital property, R.C. 3105.171(C)(1) directs the court to consider *all* relevant factors, including those factors listed in R.C. 3105.171(F). Among those factors listed in division (F) are the duration of the marriage (R.C. 3105.171[F][1] ), the assets and liabilities of the parties (R.C. 3105.171[F][2] ), and any other factor the court finds relevant and equitable (R.C. 3105.171[F][9] ). Although a party's Social Security benefits cannot be divided as a marital asset, those benefits may be considered by the trial court under the catchall category as a relevant and equitable factor in making an equitable distribution. Accordingly, we hold that a trial court, in seeking to make an equitable distribution of marital

property, may consider the parties' future Social Security benefits in relation to all marital assets.

{¶ 12} In this case, we find that the trial court did not abuse its discretion in considering the disparity in Social Security benefits as one factor among several others in arriving at an equitable property division. The trial court, in adopting the magistrate's decision, followed the mandates of R.C. 3105.171 by taking into account several factors when dividing the marital property. In addition to considering social security benefits, the court considered the length of the marriage, the status of the parties, their earning capacities, work history, and other assets and liabilities. In particular, in awarding appellant the marital residence, the court took into account the fact that she was a high school graduate with little work experience who would have limited earning capacity and would lose her health benefits three years after divorce. The court also recognized that appellant devoted her married life to raising their children, a choice that also affected her ability to support herself. Contrary to appellee's assertion, the court did not divide the Social Security benefits themselves. In fact, the court acknowledged that the Social Security benefits were not divisible marital assets, but were only being considered along with the other factors. We consequently reject appellee's argument that the trial court in effect divided the future Social Security benefits by shifting the marital residence to appellant. Instead, the court merely considered the value of these benefits to achieve an equitable property division, precisely what the statute dictates.

{¶ 13} Accordingly, since we find no abuse of discretion, we reverse the court of appeals and reinstate the decision of the trial court.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, FORD, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

DONALD R. FORD, J., of the Eleventh Appellate District, sitting for COOK, J.

———————

Reynolds & Richard and James M. Richard, for appellee.

Lon R. Vinion, for appellant.