DECISION AND JUDGMENT ENTRY
{¶ 1} Dorrit[1] Preuss challenges the manner in which the Athens County Court of Common Pleas divided a parcel of real estate in her divorce action. She contends the trial court erred in finding that the appreciation in the value of the real estate is marital property. She argues the court erred in treating her deed to Patrick Burge prior to her marriage as a transfer of all of her separate interest, except for the original purchase price, in that property. We agree because the 1990 deed created a survivorship tenancy in both Ms. Preuss and Mr. Burge. Thus, when they married in 1995, they each brought an equal share of the title into the marriage. Accordingly, Ms. Preuss had no separate property interest in the real estate when she married Mr. Burge unless, for some reason that the court did not explain, the deed was ineffective to transfer an interest to him. If the deed did transfer a survivorship interest to Mr. Burge, the court should have simply divided the value of the property equally between them. Thus, we reverse and remand for a determination of the effect of the deed and a division of the property accordingly.
 {¶ 2} In 1978, Dorrit Preuss and her first husband purchased 40 acres of real property on Sweat Road in Amesville, Ohio. The couple paid $36,000 for the property, which included an old log cabin that was in disrepair but habitable. During their marriage, Preuss and her first husband made some minor improvements to the cabin. When they divorced, Preuss received the Sweat Road property.
 {¶ 3} Patrick Burge moved into the residence on Sweat Road in late 1988. After moving into the residence, Burge, a skilled carpenter, built a workshop and two sheds on the back half of the property. He purchased the materials for the buildings using his separate, premarital money. In the years that followed, Burge made substantial improvements to the Sweat Road residence. Among other things, he laid a new foundation in the kitchen, remodeled the kitchen and bathroom, built a new back porch, expanded the front porch, and built an addition above the kitchen. Funding for these various home improvement projects came, in part, from Preuss's mother.
 {¶ 4} At some point, Burge and Preuss discussed subdividing the Sweat Road property, with Preuss retaining the front 20 acres with the house and Burge receiving the back 20 acres where the workshop and sheds were located. Apparently, thinking that he was purchasing the back 20 acres, Burge paid Preuss $6,000. However, in September 1990, four months before the birth of the couple's first child, Preuss executed a Survivorship Deed conveying the entire 40 acres to herself and Burge. Five years later, in October 1995, Burge and Preuss married. Preuss gave birth to the couple's second child two months after the marriage.
 {¶ 5} In October 2001, Burge filed a complaint for divorce. Preuss responded by filing an answer and counterclaim for divorce. Later, Preuss filed a motion asking the court to declare January 1, 1990, the beginning of the marriage for purposes of property distribution.
 {¶ 6} The magistrate held a three-day hearing on the parties' divorce claims. Following the hearing, the magistrate issued a lengthy and reasoned decision recommending that the parties be granted a divorce. In her decision, the magistrate concluded that Burge and Preuss did not have a common law marriage. Rather, she determined that their marriage began on October 22, 1995, the date of their ceremonial marriage. The magistrate then made the following findings concerning the Sweat Road property. She determined that the property, which had a fair market value of $127,000, was marital, but that $35,000 was traceable to Preuss's separate, premarital property in spite of the fact that Preuss had deeded the property to Burge and herself before the marriage. Discussing the appreciation in the value of the property, she stated: "As the improvements made by Defendant and her prior spouse were mostly cosmetic in nature, and all, or most, of the substantive improvements were made after the property was deeded in both names, the Magistrate finds that the appreciated value of the property since the parties became joint owners is $92,000.00 ($127,000.00-$35,000.00 = $92,000.00). Given that the parties subsequently married, the Magistrate deems this appreciated value to be marital property." The magistrate found that the parties contributed equally to the appreciation in value. Therefore, she concluded that Burge's contribution to the value of the property was onehalf the appreciated value or $46,000. She recommended that Preuss be ordered to reimburse Burge for his share of the marital property.
 {¶ 7} Preuss subsequently filed objections challenging the magistrate's findings concerning the Sweat Road property. She claimed that the magistrate was mistaken about the purchase price of the property. She also claimed that the magistrate failed to treat the passive appreciation in value as separate property. Finally, she argued that the magistrate failed to give her credit for her contributions to the appreciation in value.
 {¶ 8} The Athens County Common Pleas Court issued a decision modifying the magistrate's findings. In its decision, the court noted that the magistrate misstated the purchase price of the property. The court found that Preuss and her first husband paid $36,000, not $35,000, for the property. However, the trial court rejected Preuss's other arguments, concluding that the magistrate's decision was correct in all other respects. Preuss now appeals the trial court's decision and raises the following assignment of error: "The trial court erred in the division of property by including all pre-marital passive appreciation in value of the real estate as a marital asset and by giving Appellee credit for labor and materials contributed prior to the marriage."
 {¶ 9} Trial courts must divide marital and separate property equitably between the spouses. R.C. 3105.171(B). Usually, this requires that the marital property be divided equally. See R.C. 3105.171(C)(1). However, if an equal division of marital property would be inequitable, the trial court must divide it "in the manner the court determines equitable." Id.
Because the trial court possesses broad discretion to effect an equitable division of property, its decision will not be reversed absent an abuse of discretion. Neville v. Neville, 99 Ohio St.3d 275, 277, 2003-Ohio-3624,791 N.E.2d 434; Middendorf v. Middendorf, 82 Ohio St.3d 397, 401,1998-Ohio-403, 696 N.E.2d 575.
 {¶ 10} In fashioning an equitable division of property, the trial court must first determine "what constitutes marital property and what constitutes separate property." See R.C. 3105.171(B). The classification of property as marital or separate is a factual inquiry. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989. Thus, we review a trial court's classification of property under a manifest weight of the evidence standard. Id. A trial court's judgment will not be reversed as being against the manifest weight of the evidence so long as there is some competent, credible evidence to support it. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79, 461 N.E.2d 1273, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 11} In her statement of issues presented for review, Preuss contends that "it was error for the trial court to treat a deed from Appellant in 1990 and 5 years before the marriage naming Appellee as a co-owner as a transfer of all Appellant's separate property beyond her 1978 purchase price, thereby transferring to Appellee all of the passive increases in value of this separate property."
 {¶ 12} R.C. 3105.171(A)(6)(a)(ii) defines separate property as any real property or interest in real property "that was acquired by one spouse prior to the date of the marriage." There is no doubt that the 40 acres and the original buildings were Preuss's separate property upon her acquisition of them in her original divorce. However, when she delivered a survivorship deed for the entire 40 acres to Burge and herself in September of 1990, ownership of the property took on a different character. Under R.C. 5302.20 each survivorship tenant holds an equal share of the title during their joint lives, and, upon the death of any of them, title vests in the surviving tenants as survivorship tenants. See R.C. 5302.20(B) and (C)(1). Preuss no longer could claim the 40 acres and improvements as her separate property upon marrying Burge in 1995 unless the deed was ineffective for some reason.
 {¶ 13} The trial court, while acknowledging the apparent significance of the deed, chose to follow the magistrate's "traceability approach," which created a separate property interest of $36,000, representing the original purchase price, in Preuss. If the 1991 survivorship deed was a valid transfer, this credit to Preuss was clearly erroneous as she created an equal ownership interest to the property in Burge. She had not reserved any separate interest in the transfer. And as the trial court recognized, the entire $127,000 value of the property would have been a marital asset that theoretically should have been divided equally without any calculation of passive appreciation or a separate interest in Preuss for the original purchase price.
 {¶ 14} Accordingly, we reverse and remand to the trial court for a determination of the effect of the 1990 survivorship deed and an appropriate division of the real estate.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Dissents.
Kline, J.: Concurs in Judgment and Opinion.
[1] The trial court's entry spells Ms. Preuss's first name "Dorritt." However, the record indicates that the correct spelling is "Dorrit."