{¶ 19} I write separately as I do not feel that the issue preclusion doctrine precludes each of the arguments raised by Appellant. Specifically, I do not believe that Appellant's assertion that the trial court erred in refusing to order a distributive award is barred by issue preclusion. However, as I find that her assertion lacks merit, I concur in the result reached by the majority.
 {¶ 20} In order for issue preclusion to apply, "a fact or a point that was actually and directly at issue in a previous action," must have been decided by a court of competent jurisdiction. Fort Frye Teachers Assn., OEA/NEA v. State Empl.Relations Bd. (1998), 81 Ohio St.3d 392, 395. While recognizing that the issue of whether a distributive award was justified was litigated during the legal separation proceeding, under the facts herein, I would not find that issue preclusion acts to bar Appellant's current argument.
 {¶ 21} In the instant matter, the facts do not support a finding that Appellant's argument regarding a distributive award was "actually and directly at issue" in an earlier proceeding. At the time the parties were granted a legal separation, Appellant's shares in the business were generating income. At the time the parties sought a divorce, those shares were no longer producing income. Accordingly, the liquid nature of those assets had changed between the proceedings. During the divorce proceedings and on appeal, Appellant's argument focused on this change of circumstances, urging that a distributive award was proper because she was then receiving $5,000 less per year in income from those shares. Such an argument could not have been at issue during the legal separation proceedings as it had not yet come into existence. Accordingly, I would address Appellant's contention that the trial court erred in failing to order a distributive award and would find that such a contention lacks merit.
 {¶ 22} "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, at ¶ 5. R.C. 3105.171 requires the trial court to consider numerous factors in determining whether to order a distributive award. Appellant has not alleged that any of those factors supports a distributive award. Rather, she has argued solely that she has no use for the shares in the business if they are not producing income. Accordingly, the undisputed facts are that Appellant received nearly $200,000 in liquid assets pursuant to the divorce and that the total marital assets of the parties were divided equally. The trial court, therefore, did not abuse its discretion in refusing to order a distributive award. Rather, Appellant's argument that her income was reduced resembles a claim for a modification of spousal support; a claim not before this Court. Therefore, I concur in the result reached by the majority.