OPINION
{¶ 1} Defendant-appellant, Robert Moschella (Robert), appeals the decision of the Mahoning County Common Pleas Court, Domestic Relations Division, distributing the property of Robert and plaintiff-appellee, Caroline Moschella (Caroline), following their divorce. Robert challenges the trial court's finding that two assets were marital property rather than separate property.
 {¶ 2} Robert and Caroline were married on September 5, 1986. Having reached the conclusion that the two were incompatible, Caroline filed a complaint for a divorce. The trial court granted the divorce on January 11, 2005 after conducting a full hearing regarding custody issues and the distribution of property. It is from the judgment entry distributing the couple's property that Robert now appeals.
 {¶ 3} Robert's first assignment of error states:
 {¶ 4} "WHEN THERE WAS UNCONTRADICTED, UNREFUTED, AND UNCHALLENGED EVIDENCE THAT ONE PARTY IN A DIVORCE ACTION OWNED SEPARATE PROPERTY, IT WAS ERROR FOR THE TRIAL JUDGE TO RULE THAT THERE WAS A FAILURE OF PROOF AS TO A SEPARATE PROPERTY CLAIM."
 {¶ 5} Robert maintains that his equity in the home purchased prior to marrying Caroline should have been considered separate property.
 {¶ 6} In divorce proceedings, a trial court is charged with the duty to determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). Once the trial court determines which property is separate and which is marital, it then must divide the marital and separate property equitably between the spouses. Id.
 {¶ 7} Marital property includes personal property that currently is owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(i). Marital property does not include any separate property. R.C. 3105.171(A)(3)(b). Separate property includes property acquired by one spouse prior to the date of the marriage, as well as passive income and appreciation acquired from separate property by one spouse during the marriage. R.C.3105.171(A)(6)(a)(ii) and R.C. 3105 .171(A)(3)(a)(iii). Unless it is part of a distributive award to supplement the division of marital property, a spouse's separate property must be awarded to that spouse. R.C. 3105.171(D), Barkley v. Barkley (1997),119 Ohio App.3d 155, 166, 694 N.E.2d 989.
 {¶ 8} A trial court's decision regarding whether property is marital or separate is reviewed under an abuse of discretion standard. Maloney v. Maloney, 160 Ohio App.3d 209,2005-Ohio-1368, 826 N.E.2d 864, at ¶ 8, citing Neville v.Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. The trial court's decision is unreasonable if there is no sound reasoning process that would support its decision. AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 9} Robert argues that he still retained an equity interest in what eventually became the parties' "marital residence." Prior to the parties' marriage, in 1981, appellant purchased a residence located at 5482 Mill Creek Boulevard in Boardman, Ohio. When the parties married in 1986 they made that their marital residence. In 2000, they sold the Mill Creek Boulevard residence and used the approximate $70,000 to $80,000 of equity in that residence as a down payment on their new home at 8515 Four Seasons Trail in Poland, Ohio. Although the Mill Creek Boulevard residence is not a current asset of either party, appellant now seeks to trace the equity he had established in that residence prior to the marriage as separate property.
 {¶ 10} Robert testified that at the time of the marriage he "guessed" that the Mill Creek Boulevard residence was worth $85,000. Robert also produced documentation that the residence had a tax value of $60,987.00, although this evidence was largely discounted by the trial court. Robert explained that the disparity in value between his estimated value and the tax value was a result of several improvements he made to the residence prior to the marriage including sanding the floors, painting the rooms, and adding a bathroom by the kitchen.
 {¶ 11} After reviewing this evidence, the trial court concluded that the Mill Creek Boulevard residence was entirely marital property explaining that Robert's testimony regarding the value was inconsistent as he valued the residence at both $60,987 and at $85,000. The court further explained that it would not take into account the document purporting to give the tax value of the property as it did not contain an official seal or symbol in accordance with Evid.R. 902 and because the document was confusing and did not clearly indicate the tax value of the property. The court reasoned that the document merely lists a figure of "60987" under the June tax and then listed "14625" and "46362" immediately after. The court found that it would be equally plausible for it to value the home as one of those numbers. Because the court could not determine the actual value of the property from this evidence, the court concluded that the entire value of the home was marital property.
 {¶ 12} "Husband has the burden to prove by a preponderance of evidence that a portion of the home is separate property rather than marital property. Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 614, 709 N.E.2d 208. When there is conflicting testimony as to the amount of separate property in a marital home and no documentation is offered in support of either parties' testimony, the trial court does not abuse its discretion by coming to the conclusion that the entire marital home was marital property and none of it constituted separate property." Sicilia v. Sicilia
(Dec. 13, 2002), 7th Dist. No. 01 CO 57.
 {¶ 13} Here, although Caroline did not provide any conflicting testimony regarding the value of the home, the trial court still applied the law regarding instances where inconsistent testimony is given and no documentation is produced. The court explained its rationale stating that since it would not consider the exhibit introduced by Robert, there was no documentation as to the value of the home. Additionally, because Robert contradicted himself by providing two different values for the home, there was conflicting testimony as to its value. Therefore, Robert failed to sustain his burden of proving the actual value of his alleged separate property with admissible documentation. Sicilia, supra.
 {¶ 14} An additional rationale for the trial court's decision emanates from a review of the record. Appellant mortgaged the Mill Creek Boulevard residence in 1986 for $35,000 in order to pay for the parties' wedding, honeymoon, and to purchase appellee a car. The parties mortgaged the residence again for $44,000 in 1996. Even assuming appellant were able to trace some of that equity back to his separate property, whatever that figure might be, it was largely subsumed into marital property since the mortgages were paid back with marital funds.
 {¶ 15} In sum, the trial court did not abuse its discretion by concluding that the entire value of the home was marital property.
 {¶ 16} Accordingly, appellant's first assignment of error is without merit.
 {¶ 17} Robert's second assignment of error states:
 {¶ 18} "WHEN THERE WAS UNCONTRADICTED, UNREFUTED, AND UNCHALLENGED EVIDENCE THAT ONE PARTY IN A DIVORCE ACTION RECEIVED A GIFT FROM THAT PARTY'S PARENTS, IT WAS ERROR FOR THE TRIAL JUDGE TO RULE THAT THE PROPERTY IS A MARITAL ASSET."
 {¶ 19} Separate property, as defined by R.C.3105.171(A)(6)(a) includes:
 {¶ 20} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 21} The burden of proving that after acquired property is separate property under R.C. 3105.171 is upon the proponent of the claim. Cf. Peck v. Peck (1994), 96 Ohio App.3d 731, 734,645 N.E.2d 1300.
 {¶ 22} In the present case, Robert testified that during the marriage his parents had given him a $4,000 annuity as an advance "inheritance." He thought the money was placed in an institution called "Western Reserve," but was unable to provide any further details. This testimony came on the first day of a four day long trial. The trial court specifically instructed Robert and/or his attorney to bring in some type of documentation regarding the annuity on the following day of trial, but none was ever produced. Additionally, as noted by the trial court in its judgment entry, Robert did not include the annuity in his proposed findings of fact and conclusions of law. Therefore, the trial court did not abuse its discretion by not allocating the alleged annuity as separate property to Robert.
 {¶ 23} Accordingly, Robert's second assignment of error is without merit.
 {¶ 24} The judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs in judgment only.