OPINION
{¶ 1} On June 30, 1987, appellant, Bryan Daubenmire, and appellee, Amy Daubenmire, were married. Three children were born as issue of the marriage, Molly born February 10, 1989, David born March 5, 1991, and Grant born November 3, 1994. On August 29, 2003, appellee filed a complaint for divorce.
 {¶ 2} A hearing on the issues of child support and property division was held on January 5, 2006. On May 17, 2006, the trial court filed its findings of fact and conclusions of law. A final decree of divorce was filed on June 7, 2006.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPROPERLY ADMITTED, OVER OBJECTION, AN EXPERT VALUATION OF THE PARTIES' POTENTIAL SOCIAL SECURITY BENEFITS."
 II {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING AN UNEQUAL AND INEQUITABLE PROPERTY DIVISION AND BY FAILING TO PROVIDE ADEQUATE FACTS TO SUPPORT AN UNEQUAL ORDER."
 I {¶ 6} Appellant claims the trial court erred in admitting evidence which was unauthenticated and not stipulated to by the parties (Plaintiff's Exhibit Y). Specifically, appellant claims the trial court erred in admitting a valuation report of the parties' *Page 3 
potential social security benefits prepared in part by David Kelley from Pension Evaluators. We disagree.
 {¶ 7} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} The issue posed by this assignment is unique. From the record, it is clear appellee knew the report could not be admitted without authentication, testimony and/or stipulation. T. at 17-18. Appellant's counsel objected to the report's admission. T. at 13, 131-132, 218-219. The parties reached a tentative agreement with the trial court at the conclusion of the testimony as follows:
 {¶ 9} "MR. HAPPENEY: Your Honor, if we could — if you could give us a week to resolve this issue with regard to Mr. Kelley.
 {¶ 10} "THE COURT: All right.
 {¶ 11} "MR. HAPPENEY: And if we're going to get his testimony, then obviously we would want to schedule that-
 {¶ 12} "THE COURT: Okay.
 {¶ 13} "MR. HAPPENEY: — a couple weeks after.
 {¶ 14} "THE COURT: We'll give you a week to resolve that, and then we'll decide what we're going to do about the closing arguments." T. at 219.
 {¶ 15} We note the trial court and appellee's counsel were the ones agreeing, and appellant's counsel was not. *Page 4 
 {¶ 16} In Finding of Fact No. 39, the trial court memorialized the issue as follows:
 {¶ 17} "Over objection, the Court admitted into evidence the report of Pension Evaluators with regard to the parties' respective Social Security benefits. Defendant was given the opportunity to cross examine regarding this report, but elected not to do so. This report was admitted into evidence pursuant to the Supreme Court decision inNeville v. Neville. According to said report, the defendant, Bryan W. Daubenmire's, Social Security retirement benefits have a current marital present value of $100,292.62. The plaintiff, Amy J. Daubenmire's, Social Security benefits have a marital present value of $52,326.55. The Court finds that, due to the lack of other retirement benefits of the parties, that it would be appropriate, under the facts of this case, to include the Social Security benefits of the parties as an asset for purposes of the balance sheet."
 {¶ 18} In appellant's Proposed Conclusions of Law Nos. 43-55, it is argued the Neville adjustment on consideration of social security benefits is not warranted. In these conclusions, social security amounts were argued by appellant. In fact, appellant argued the same social security valuations found in appellee's Exhibit Y, the difference being the amount available to appellee.
 {¶ 19} The quandary posed by the facts is whether appellant's silence is tantamount to an assent to the admissibility of the report. We answer this query in the affirmative. We find appellant's use of the figures from appellee's report was an assent to its admission.
 {¶ 20} Upon review, we find the trial court did not err in admitting the complained of evidence. *Page 5 
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in granting an unequal and inequitable property division. Specifically, appellant claims the trial court should not have included the parties' social security valuations in fashioning a property distribution. We disagree.
 {¶ 23} A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292; Blakemore. R.C. 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F) which states the following:
 {¶ 24} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 25} "(1) The duration of the marriage;
 {¶ 26} "(2) The assets and liabilities of the spouses;
 {¶ 27} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 28} "(4) The liquidity of the property to be distributed;
 {¶ 29} "(5) The economic desirability of retaining intact an asset or an interest in an asset; *Page 6 
 {¶ 30} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 31} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 32} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 33} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 34} Appellant argues the trial court erred in increasing appellee's property division by one half of the value of appellant's social security benefits. Appellant's Brief at 17. Appellant argues future social security benefits are highly speculative and should not have been considered in this case. Appellant argues the "relative equality of the parties with respect to education, availability of health insurance, earning capacities, and years away from Social Security eligibility all weigh in favor of not considering the speculative valuations of the parties' Social Security benefits." Appellant's Brief at 19.
 {¶ 35} Pursuant to R.C. 3105.171(G), the trial court issued findings of fact and conclusions of law on May 17, 2006. Attached as Exhibit B is a balance sheet reflecting $113,839.84 to appellee and $108,792.62 to appellant. The trial court attributed $52,326.55 to appellee and $100,292.62 to appellant in social security benefits pursuant to Plaintiff's Exhibit Y, discussed supra.
 {¶ 36} In Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, syllabus, the Supreme Court of Ohio held, "In making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits *Page 7 
in relation to all marital assets." Social security benefits are something a trial court may consider in determining whether its division of the marital assets is equitable. This is exactly what the trial court did in this case. The trial court reasonably believed that the disparity in the parties' future social security benefits would counterbalance its division of the marital property. Neville permits the trial court to make the division ordered sub judice if, in its discretion, it finds it appropriate to do so. On the facts of this case, we cannot find an abuse of discretion by the trial court.
 {¶ 37} Any challenge to the valuations used by the trial court from Plaintiff's Exhibit Y is waived as appellant did not cross-examine the report, did not present a contra report, and did not pursue the issue on the record after the trial court agreed at the conclusion of the evidence to permit additional time to resolve the issue.
 {¶ 38} Assignment of Error II is denied. *Page 8 
 {¶ 39} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is hereby affirmed. By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is affirmed.