OPINION
{¶ 1} Plaintiff-appellant, Jan M. Martin ("Jan"), appeals from the Judgment Entry-Decree of Divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted Jan a divorce from defendant-appellee, Brian K. Martin ("Brian"). For the following reasons, we affirm.
 {¶ 2} Jan filed for divorce from Brian in 2006, following their marriage of nearly 20 years. The primary issues before the trial court concerned the division of marital *Page 2 
property. In particular, the court considered whether a residence located at 615 Oakwood Avenue was marital property or whether the property belonged to Jan's sister, Mary Speights. The court ultimately concluded that the Oakwood Avenue property was marital property, the property was awarded to Jan, and the court required Jan to reimburse Brian for his share. The trial court also allocated other property between the parties, including motor vehicles, household goods, and financial accounts.
 {¶ 3} Jan filed a timely appeal to this court. She asserts the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMIT[T]ED REVERSIBLE ERROR IN FAILING TO INCLUDE THE VALUE OF ALL ASSETS IN THE DIVISION OF [MARITAL] PROPERTY.
 II. THE COURT ABUSED ITS DISCRETION AND COMMIT[T]ED REVERSIBLE ERROR IN DECLARING 615 OAKWOOD TO BE [MARITAL] PROPERTY.
 {¶ 4} In her first assignment of error, Jan argues that the court abused its discretion by failing to include the value of all assets in its allocation of property between the parties. The entirety of Jan's brief, however, includes only two paragraphs of boilerplate law applicable to this assignment, law with which we agree. Jan does not, however, identify the property she believes the court failed to include in its allocation. Therefore, she has provided no basis for us to reverse the trial court's decision on these grounds. See App. R. 12(A)(2) ("[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based"). We overrule her first assignment of error.
 {¶ 5} In her second assignment of error, Jan argues that the trial court erred by determining that the Oakwood Avenue property is marital property. Again, however, *Page 3 
Jan has failed to provide any citations to the record, legal arguments or even a general discussion in support of this assignment. As she acknowledges, this court may only overturn the trial court's division of assets and liabilities under R.C. 3105.171 if the trial court abused its discretion and failed to equitably divide the property. Neville v.Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 5. Here, Jan provides no basis for doing so.
 {¶ 6} Moreover, our review of the trial court record does not support such a conclusion. The trial court held a hearing, heard testimony from Jan, Brian, and Mary, questioned witnesses personally, considered documentary evidence, and analyzed the factual and legal issues carefully. While Jan and her sisters argued that Mary owned the property, there was competent, credible evidence for the trial court to conclude otherwise. The 1991 deed identified Jan as the owner. While Jan and Mary produced a 2002 quitclaim deed transferring the property from Jan to Mary, the court found several irregularities surrounding the 2002 deed. Jan produced no documentary evidence that Mary or another sister, Kathy Jo, made any financial contributions to the purchase or upkeep of the property. Finally, Brian testified that he and Jan purchased the property together as an investment. On these grounds, we conclude that the trial court did not err by determining that the Oakwood Avenue property is marital property. Therefore, we overrule Jan's second assignment of error.
 {¶ 7} Having overruled Jan's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1