[Cite as *Milatovich v. Milatovich*, 2018-Ohio-4151.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| LISA A. MILATOVICH | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ERIC E. MILATOVICH | : | Case No. 18 CA 09 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 17DR167



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 October 9, 2018



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEPHANIE L. CHURCH                   JEANETTE MOLL
139 West Eighth Street                803 Market Street
P.O. Box 640                          Zanesville, OH  43701
Cambridge, OH  43725-0640

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Eric E. Milatovich, appeals the March 9, 2018 entry of the Court of Common Pleas of Guernsey County, Ohio denying his objections on the issue of spousal support.   Plaintiff-Appellee is Lisa A. Milatovich.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were married on May 26, 1990.   On April 10, 2017, appellee filed a complaint for divorce.   A hearing before a magistrate was held on November 21, 2017.   The only contested issue was spousal support.   By decision filed November 30, 2017, the magistrate noted the parties had entered into an agreement wherein they divided all assets and liabilities of the marriage, and the agreement was attached to and incorporated into the decision.   The magistrate ordered appellant to pay appellee $2,000 per month in spousal support for an indefinite period of time.   By decree of divorce filed November 30, 2017, the trial court approved and adopted the magistrate's decision.    The trial court retained jurisdiction over the issue of spousal support.

{¶ 3}   Appellant filed objections.   By entry filed March 9, 2018, the trial court denied the objections.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT IS NEITHER APPROPRIATE NOR REASONABLE PURSUANT TO O.R.C. 3105.18(C)(1)."

II

{¶ 6}   "THE TRIAL COURT FAILED TO SET FORTH SUFFICIENT DETAIL TO DETERMINE THE APPROPRIATENESS AND REASONABLENESS OF THE AWARD OF SPOUSAL SUPPORT."

III

{¶ 7}   "THE INDEFINITE DURATION OF THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT IS NEITHER APPROPRIATE NOR REASONABLE."

I, II, III

{¶ 8}   In his three assignments of error, appellant claims the trial court erred in its spousal support award.  We disagree.

{¶ 9}   Specifically, appellant argues the spousal support award was neither appropriate nor reasonable, sufficient detail to determine the appropriateness and reasonableness is lacking, and the indefinite duration was neither appropriate nor reasonable.

{¶ 10} A trial court has broad discretion in determining a spousal support award. *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434; *Stevens v. Stevens,* 23 Ohio St.3d 115, 492 N.E.2d 131 (1986).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 11} R.C. 3105.18 governs spousal support.  Subsection (C) states the following:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 12} In its decision filed November 30, 2017, approved and adopted by the trial court, the magistrate found the parties had been married for 27½ years. The magistrate noted appellant's base pay, then took his social security wages and added "back in the health benefits that are before taxes" from his W-2s for 2014, 2015, and 2016, and then subtracted the base pay to determine the bonuses appellant received in those given years. The magistrate averaged the bonuses and added the amount to his base pay to arrive at a final figure.

{¶ 13} The magistrate found appellee was a stay-at-home mom, has a history of part-time employment, and recently obtained her realtor's license. She is currently working on listing properties, but is waiting to seek other employment until the marital residence is sold because she wishes to relocate.

{¶ 14} The magistrate noted that "[b]oth parties will be starting new. * * * The standard of living will be modified for both parties. However, Husband will still have healthcare, paid vacations and a 401-K. Wife will have none of those benefits. Therefore the standard of living can only be made equitable with a spousal support order." Due to the disparity in income, the magistrate concluded $2,000 per month for an indefinite period was appropriate and reasonable.

{¶ 15} The magistrate specifically noted that she considered all of the factors set forth in R.C. 3105.18(C)(1). A trial court does not need to "acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered." *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.). "The trial court must set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award." *Id.*

{¶ 16} Upon review, we find there is sufficient detail in the magistrate's decision to enable this court to determine the appropriateness and reasonableness of the amount and duration of the award.

{¶ 17} Appellant first argues the magistrate erred in computing his yearly income. In her decision, the magistrate noted the amount of appellant's base pay, then took his social security wages and added "back in the health benefits that are before taxes" from his W-2s for 2014, 2015, and 2016, and then subtracted the base pay to determine the bonuses appellant received in those given years. The magistrate averaged the bonuses and added the amount to his base pay to arrive at a final figure. Appellant argues the magistrate erred in adding in the amount he paid for healthcare because those monies do not constitute disposable income. Appellant argues if the magistrate had relied "upon

income which is available and liquid," the final figure representing his yearly income would be $4,149.92 less.  Appellant's Brief at 3.

{¶ 18} The controller for appellant's employer testified that appellant receives a yearly bonus, but did not know the amounts appellant has received.  T. at 21.  He did not have the records with him.  T. at 24-25.  In trying to figure out appellant's bonus for 2016, the controller explained that appellant pays for healthcare coverage that is tax free and not included in the amount representing his social security wages.  T. at 23.  Because an accurate bonus amount could not be determined, the magistrate questioned the controller about all the figures on appellant's W-2.  T. at 28-30.  The controller agreed appellant earned the sum of his social security wages plus the amount he spent for healthcare coverage.  T. at 29-30.  As a result, the magistrate added the non-taxed healthcare payments to appellant's social security wages to determine the bonus amounts.  Appellant could have presented evidence of the bonus amounts, but chose not to do so.  We do not find the trial court abused its discretion in adding in the non-taxed healthcare coverage payments.

{¶ 19} Next, appellant argues his bonuses are not guaranteed and is paid at the end of the year and therefore not available for distribution on a monthly basis.

{¶ 20} In determining spousal support, a trial court is to consider "[t]he income of the parties, from all sources."  R.C. 3105.18(C)(1)(a).  Appellant receives a bonus which is income to him.  The magistrate calculated an average bonus by taking appellant's bonuses for 2014, 2015, and 2016 and dividing by three.  The president of the company that employs appellant testified the bonuses "stays pretty consistent over time."  T. at 15.  We do not find the trial court abused its discretion in including the yearly bonus appellant

receives in the computation of his income. The trial court has retained jurisdiction if anything should change.

{¶ 21} Appellant also argues the magistrate's calculations erroneously includes amounts that are placed into his 401K as they are included in the social security wages and are not available for distribution.

{¶ 22} Sums that are placed into appellant's 401K are voluntary and are for his benefit in the future. Parties anticipating or going through a divorce could max out their 401K contribution and effectively lower their taxable income for the calculation of spousal support if the 401K contributions are not considered. We do not find the trial court abused its discretion in including sums that are paid into appellant's 401K.

{¶ 23} Appellant also argues the magistrate failed to consider his marital debts, including the ones that are deducted from his pay automatically. Appellant argues he is "left with no monthly income to pay for his living expenses since his marital debt load is so disproportionately high while his remaining disposable income is so disproportionately low." Appellant's Brief at 6. Appellant also argues appellee received a greater award of the assets.

{¶ 24} Once appellant pays off his obligations tied to the automatic deductions, his take-home pay will increase. The parties settled the allocation of the marital assets and debts as evidenced in the Marital Balance Sheet attached to the magistrate's decision as Exhibit A. T. at 12. Although appellant argues he has incurred a disproportionate marital debt load, he also has a disproportionately higher asset allocation. The net result is that the parties reached a nearly equal distribution. We do not find any evidence that the trial court failed to consider his marital debts.

{¶ 25} Lastly, appellant argues the magistrate failed to determine appellee's income. The magistrate clearly found appellee's highest earnings for a year were $20,156.46 in 2009. T. at 39. The magistrate calculated the $2,000 monthly support order by determining all of the factors set forth in R.C. 3105.18(C)(1), including the disparity of the parties' income "even using the highest income Wife has earned." We do not find any evidence that the trial court failed to consider appellee's income.

{¶ 26} Using appellee's highest earning year, $20,156.46 (which she does not currently earn), plus the spousal support award of $24,000.00, appellee will "receive" a total of $44,156.46 per year, a little over half of what appellant earns.

{¶ 27} Upon review, we find the trial court did not abuse its discretion in computing the spousal support award under R.C. 3105.18. We do not find it to be inappropriate or unreasonable

{¶ 28} As for the indefinite period of time, in *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), paragraph one of the syllabus, the Supreme Court of Ohio held the following:

> Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.

{¶ 29} "Twenty-five years of marriage could certainly be considered a marriage of long duration, which in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of *Kunkle.*" *Corpac v. Corpac,* 10th Dist. Franklin No. 91AP-1036, 1992 WL 41244, *2 (Feb. 27, 1992); *Benschoter v. Benschoter,* 5th Dist. Licking No. 17-CA-25, 2017-Ohio-8827.

{¶ 30} The magistrate specifically found the duration of the marriage was 27½ years. Appellee was a stay-at-home mom and worked part-time jobs to supplement the income "so that the boys could do their activities" and "didn't have to go to [a] babysitter." T. at 35. This court has previously found that in a case where the parties were married for twenty-four years and the trial court retained jurisdiction over spousal support, the trial court did not abuse its discretion in awarding indefinite spousal support. *Keigley v. Keigley*, 5th Dist. Fairfield No. 15-CA-12, 2016-Ohio-180.

{¶ 31} When appellee finds employment after her move, appellant can petition the court for a modification of spousal support as the trial court retained jurisdiction over the issue.

{¶ 32} Upon review, we find based upon the circumstances of this case, the trial court did not abuse its discretion in ordering spousal support for an indefinite time period.

{¶ 33} Assignments of Error I, II, and III are denied.

{¶ 34} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/db 914