[Cite as *Noble v. Noble*, 2019-Ohio-5372.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WESLEY NOBLE

    Appellant

    v.

NAOMI NOBLE

    Appellee

C.A. No.     19CA011472

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17DU083033

DECISION AND JOURNAL ENTRY

Dated: December 30, 2019

HENSAL, Judge.

{¶1}   Wesley Noble appeals a judgment entry of divorce of the Lorain County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}   The Nobles divorced after 40 years of marriage. During the marriage, they adopted one of their grandchildren, who was still a minor at the time of the divorce. They owned one property in Ohio and one in Alabama. Wife had not worked in many years because of medical conditions. Husband had worked at a steel plant since before the marriage but had retired in recent years. At the time of the divorce, Wife was living in the marital home in Ohio and Husband was living in a dwelling that was on land that his family owned in Alabama.

{¶3}   The trial court generally ordered an equal division of the parties' assets. It found, however, that Husband was unable to completely explain how he had spent over $225,000 from

his investment account. It also noted that Husband failed to produce any information about one of his bank accounts. It, therefore, did not require Wife to pay Husband for his one-half interest in the marital home. For spousal support, instead of requiring Husband to make payments to Wife, it awarded her one-half of Husband's pre-marital pension benefits. It also ordered Husband to pay all of Wife's attorney fees. Husband has appealed, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE DIVISION OF THE HUSBAND'S SOCIAL SECURITY BENEFITS.

{¶4} Husband argues that the trial court incorrectly ordered him to prepare a qualified domestic relations order (QDRO) "that awards one-half of the entire portion of his social security benefits to [Wife] * * * offset by [Wife's] social security benefits." The United States Code provides that Social Security benefits "shall not * * * be subject to execution, levy, attachment, garnishment, or other legal process * * *." 42 U.S.C. 407(a). In light of that language, the Ohio Supreme Court has recognized that "Social Security benefits * * * are not subject to division in a divorce proceeding." *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 8. Instead, they may only "be considered by the trial court under the catchall category as a relevant and equitable factor in making an equitable distribution." *Id*. at ¶ 11; *see* R.C. 3105.171(F)(10).

{¶5} Upon review of the record, we conclude that the trial court improperly ordered Husband to prepare a QDRO that would award part of his Social Security benefits to Wife. Husband's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING WIFE APPROXIMATELY $180,000 MORE IN NET MARITAL ASSETS AND

AWARDING WIFE ONE-HALF OF THE ENTIRE PORTION OF HUSBAND'S TWO PENSIONS.

{¶6} Husband next argues that the trial court abused its discretion when it divided the marital property. "In any divorce action, the starting point for a trial court's analysis is an equal division of marital assets." *Id.* at ¶ 5; R.C. 3105.171(C)(1). If an equal division would be inequitable, however, the court may not divide the marital property equally but instead must divide it in a manner that it determines to be equitable, considering all of the relevant factors including the ones set forth in Section 3105.171(F). *Neville* at ¶ 5. Because a trial court "has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." *Id.*

{¶7} The parties stipulated that the marital home was worth $241,270 and that the Alabama property was worth $275,000. The court found that the value of Husband's dwelling was $38,910, and that the value of their three vehicles were $12,000, $16,000, and $20,000. The court awarded Wife the Ohio property, one-half of the value of the Alabama property, and the vehicle worth $12,000.

{¶8} Husband argues that the property division improperly awarded Wife approximately $180,000 more in assets than him. If the court had divided those assets equally, he would have received another approximately $90,000.

{¶9} The trial court awarded Wife more of the marital assets because Husband could not entirely explain where he had spent $225,911 from his investment account over the last ten years. According to Husband, he used a lot of the funds on his dwelling and the shared Alabama property. He testified that he spent $30,000 on the shared land, $50,000 on Amish laborers, less than $10,000 on materials and electrical work, $5,625 on gravel, $15,000 on concrete, and $16,000 on his dwelling. He estimated that, in total, he spent $175,000 to $200,000 on the

shared Alabama property. He admitted that he did not only use funds from the investment account on the properties, but that it was in combination with his income from his employer. He did not estimate what percentage of his expenditures came from the investment account versus his employment income.

{¶10} Husband did not have documentation to support his testimony about his expenditures. He was also unable to explain where he had spent the investment account funds that he withdrew after he completed construction of the shared Alabama property and purchased his dwelling. Husband also failed to provide Wife or the court with any records of a bank account that he maintained in Alabama. In light of Husband's inability to account for his use of all of the investment account funds and his failure to comply with Wife's discovery requests, the Court concluded that it was equitable to award Wife all of the equity in the marital home.

{¶11} Husband argues that the trial court did not consider that he did not receive all of the funds from the investment account because some were withheld to be applied to the parties' taxes. It does not appear from the record, however, that Husband made this argument to the trial court. Husband also argues that the court punished him for not keeping a detailed accounting of his construction expenditures over the years. He does not acknowledge, however, that the court's decision was driven in part by his failure to provide all of his current financial records.

{¶12} Husband also argues that the trial court incorrectly awarded Wife half of all of his pension benefits, including half of what he earned before the marriage. He notes that the parties had stipulated that he would preserve the pre-marital portion of his pensions by utilizing the coverture approach.

{¶13} The trial court did not award Wife one-half of Husband's pre-marital pension benefits as part of its property distribution. Instead, it awarded them to Wife as spousal support.

Husband has not developed an argument challenging the trial court's award of part of his pre-marital pension benefits as spousal support and we decline to develop an argument for him. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶14} Husband's only argument regarding the trial court's spousal support award is that the court's order is impossible to perform because it awards Wife half of his pre-marital benefits yet retains jurisdiction of the issue of spousal support. According to Husband, it will not be possible to modify the division of his pre-marital pension benefits if Wife cohabitates or remarries. He does not explain, however, why the court could not issue an order returning the property to Husband. Moreover, there might be some other life change, such as Husband or Wife returning to work, that could necessitate a modification of the spousal support order beyond a modification of the assignment of Husband's pre-marital pension benefits.

{¶15} Upon review of the record, we conclude that Husband has not established that the trial court exercised improper discretion when it divided the marital property. Husband's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO THE WIFE.

{¶16} Husband also argues that the trial court incorrectly ordered him to pay all of Wife's attorney fees. Revised Code Section 3105.73(A) provides that, "[i]n an action for divorce * * * a court may award all or part of reasonable attorney's fees * * * to either party if the court finds the award equitable." "In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." *Id*. "A trial court has broad discretion in considering an award of attorney's fees, and an award will only be

reversed upon an abuse of the trial court's discretion." *Schoch v. Schoch*, 9th Dist. Lorain No. 18CA011382, 2019-Ohio-1394, ¶ 10.

{¶17} The trial court noted that Husband's pension and social security benefits had been divided equally except for the offset of Wife's social security benefits. It noted that Wife had received the marital home, that Husband had received his dwelling, and that the parties had split the shared Alabama property. It noted that Husband had received two vehicles and Wife one vehicle. It found that Husband had failed to make two of his spousal support payments and had only partially paid two others. It found that Husband had liquidated his entire investment account, but that it was before the divorce action and did not violate a restraining order. It found that Husband had failed to comply with discovery by not providing documentation of one of his Alabama bank accounts. Upon review of Wife's attorney's time sheet, it found that Wife's attorney had spent "a substantial amount of time engaging in discovery due to the plaintiff's non-compliance." In consideration of all of those factors, it awarded Wife all of her attorney fees, which it determined were reasonable and necessary.

{¶18} Husband argues that the attorney fee award was inequitable because Wife received a total of $181,360 more in assets, even before the award of fees. Husband notes that he did not violate a court order in liquidating his investment account and that the mere fact he was unable to prove where all the funds were spent does not warrant the award of attorney fees. Husband also argues that the itemization of legal services provided by Wife's attorney does not support the court's finding that her attorney had to spend "a substantial amount of time" because of Husband's discovery failures.

{¶19} A review of Wife's attorney's time sheet reveals that he spent less than 10 hours addressing discovery issues. The trial court found that Husband spent some of his investment

account funds improving the shared Alabama property but did not specify how much.  If Husband spent only twenty percent of the funds on the shared property and kept the remainder for himself, it would roughly equalize the property distribution.  We, therefore, conclude that, under the particular facts of this case, the trial court exercised improper discretion when it awarded Wife all of her attorney fees.  Husband's third assignment of error is sustained.

### III.

{¶20}  Husband's first and third assignments of error are sustained.  Husband's second assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed in part, and this matter is remanded for additional proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to equally to both parties.

_____

JENNIFER HENSAL
FOR THE COURT


TEODOSIO, P. J.
CONCURS.

CALLAHAN, J.
CONCURRING IN PART AND DISSENTING IN PART.

{¶21} I agree with the majority opinion with the exception of the majority's decision not to consider the merits of Husband's argument that the trial court improperly awarded Wife one-half of the premarital portion of his pension, and I respectfully dissent.

{¶22} As the basis for declining to address this argument, the majority states that "The trial court did not award Wife one-half of Husband's pre[]marital pension benefits as part of its property distribution. Instead, it awarded them to Wife as spousal support." But that is very point that Husband's argument is making. The trial court framed most of its analysis in terms of spousal support. Indeed, under R.C. 3105.18(C), the trial court was obligated to consider Husband's present payments from the retirement accounts, which are in payout status, as income for purposes of determining his support obligation. At the end of the day, however, it appears that Husband is correct: the trial court did not award support to wife based on this analysis, but awarded her an ownership interest in husband's separate property. This amounted to a property division, not spousal support, as evidenced by the fact that the trial court ultimately ordered the division of each pension plan by QDRO, saying, "The Court hereby divides the martial assets

and debts. The plaintiff and the defendant are each hereby awarded the following, free and clear from any claim/interest by the other party[.]"

{¶23} Under these circumstances, it would make little sense for Husband to "develop[] an argument challenging the trial court's award of part of his pre[]marital pension benefits as spousal support." Husband has challenged the trial court's decision to characterize this property division as spousal support, and this Court should address that argument on the merits.

{¶24} I respectfully dissent.

APPEARANCES:

WAYNE R. NICOL, Attorney at Law, for Appellant.

JOHN ZALIC, Attorney at Law, for Appellee.